CASES DETERMINED AT THE TERM OF THE FIRST MON-
DAY IN JANUARY, 1831, AT TUSCALOOSA.

PRESENT AT THIS TERM,

THE HON. ABNER S. LIPSCOMB, CHIEF JUSTICE; AND THE HON.
REUBEN SAFFOLD, ANDERSON CRENSHAW, JOHN M.
TAYLOR, JOHN WHITE, AND HENRY
W. COLLIER, JUDGES.

## SOMMERVILLE v. STEPHENSON & JOHNSTON.

1. Parol evidence of an agreement at the time of assigning a bond, that the obligor should be indulged two years, is not admissible in excuse of ordinary diligence.
2. Assumpsit is not the proper remedy to enforce the liability of one who assigns a specialty by indorsement under seal; covenant should be brought.
3. Certified copy of a deed of conveyance, not admissible evidence, without first satisfactorily accounting for the absence of the original.

THIS is an action of assumpsit, brought by Stephenson & Johnston, in the Circuit Court of Franklin county, against the plaintiff in error, as the indorser of a specialty, for the payment of $604 47-100, payable immediately. The declaration contains two counts upon the indorsement, in which it is alleged that the defendants in error, at the time of the indorsement, agreed not to require payment of the maker, for the space of two years, until after which time, it appears that they did not require payment of the maker, nor give notice to the indorser; in other respects, these counts are in common form. The third count is to recover money due on the sale and conveyance of lands. On the trial, the defendants in error, read to the jury

the indorsement of the bond, which is in these words: "I assign the within to William W. Stephenson and William Johnston, as witness my hand and seal, 20th February, 1826."

(Signed,)                    "ALEX. SOMMERVILLE."

To which the plaintiff in error objected, but his objection was overruled by the Court.

The defendants in error also offered in evidence, a copy of a deed of conveyance from the plaintiff in error, without any other proof than a certificate of the Clerk of the County Court of Lawrence, of its being a true copy from the books of his office. To the admission of which, the plaintiff objected, and his objection was overruled. The defendants in error then offered to prove, that at the time of the assignment as set out, it was agreed that they should wait two years with the obligor of the specialty, and that if he did not then pay, that the plaintiff in error would be responsible. To the introduction of which, the plaintiff in error objected, and his objection was overruled. Which several opinions of the Court, overruling the plaintiff's objections to the admission of evidence, are assigned as error.

HOPKINS, for the plaintiff in error. The parties have a right to form the character of their contract as they please, and their rights are not changed by the addition of a seal, but their remedy is different. Covenant is the appropriate remedy in this case. It is true, the proof to enforce liability under this indorsement, is the same as if there were no seal, but the form of action is materially changed. This action is on a sealed instrument, and assumpsit does not lie. Where a contract under seal has failed, sometimes assumpsit may be brought for money had and received, but then the covenant is set aside and not sued on. This action is not on that ground. The plaintiffs below proceeded on the contract itself, it being complied with as they allege. The decision in the case in Caines' Reports,[a] went on the ground that the contract was set aside.

The plaintiffs below were allowed to give in evidence, the copy of a deed without sufficient proof. There was no count on the original transaction, I believe. If not, the testimony was irrelevant; it may have had effect, and the jury may have been misled by it. In this view, it was error to admit the deed itself. But the deed should have been proved, or appeared to have been duly recorded

and certified under statute. Yet even then, the copy could not have been admitted without proof of loss, or notice to produce the original. In this case, the deed was not properly admitted to record. The clerk had no authority to record it, unless all the requisites of the statute were complied with; and it does not so appear. But a copy is no evidence of a deed, unless the original is lost, destroyed, or beyond the control of the party offering it, even when the latter is recorded. If the original be in existence, it must be produced, or its absence accounted for.

The plaintiffs were allowed to give parol evidence, to vary materially the contract. The liability is the same as if the indorsement was not under seal. The evidence of the contract was written, and a verbal agreement is set up, that indulgence should be given and a promise to pay. The written contract is therefore altered by parol testimony. It was a conditional contract only; its legal effect is that of an assignment, as much so as if it had been expressed. Yet this written contract was suffered to be altered by parol, which shewed that no presentment was to be made, until the end of delay given, and went to excuse demand for one or two years. Such evidence varied the written contract materially. The case of *Wesson v. Carroll,*[a] is the first decision of this Court upon this point; a second is the case of *Dupuy v. Gray.*[b] Between these cases and the one at bar, there is a decisive resemblance.

[a] Minor's Ala R. 251.

[b] Minor's Ala R. 357.

The written contract would bind the other party, and therefore must bind the defendants in error.[c]

[c] 4 Com. Law Rep. 31. and Chitty on Bills 47.

WILLIAM B. MARTIN, for defendants in error. When fully examined, it will be seen that the judgment is correct. We contend that the indorsement creates the legal liability of an assignment, and nothing more. The seal gives it no more solemnity, than it would have without it, nor would it have more if entered of record. The assignment does not produce the liability, but the subsequent acts of the party. No greater obligation is incurred, whatever be the form, it is still the same legal liability. Here the liability is independent of the seal. There is no authority to sustain a contrary position. Suppose the assignment be made of record, the liability is the same, and cannot be changed. It is what is done after the assignment, that fixes the liability. The seal cannot make it more than an assignment.

The case of *Dupuy v. Gray*, does not reach this case.

JANUARY 1831

Sommerville
v.
Stephenson
& Johnston.

This is a contract to give day, but does not contradict the assignment. Giving day is a good consideration. The action is not brought against the plaintiff in error as a regular indorser. We go on the contract to give day, which has a good consideration to sustain it. A promise to pay, after negligence in making demand, is good, and will sustain an action by itself, and does not depend altogether on the indorsement. It is a new, independent contract. The legal liability is created by writing; but the action is on the subsequent promise. We have declared on the subsequent promise, and not on the law of indorsements. This does not contradict the written contract, it is a different contract. I do not wish makers pressed. The course of the plaintiff in error, looks like an intention to entrap, to confuse remedies. This action does justice to both parties, and there is no reason to reverse the cause.

It was not necessary to produce the deed at all, and its production could have done no injury. The testimony might have been useful on the other side. Suppose it was necessary; the title to the land was not in dispute; any evidence to establish the fact of a contract in writing, is sufficient. Its existence only could have been necessary, to be shewn. To shew the existence of a written contract, a copy is sufficient; the highest grade of evidence need not be produced for this purpose; it is only a collateral fact. I do not admit the doctrine of notice to produce the deed. We are third persons as to the sale of the land. Deeds are recorded for the benefit of the public. Any other person than the owner of the deed, can use a copy, because the original is not within his power.

HOPKINS, in reply. It is assumed in argument, that the verbal contract was not made until after the assignment of the bond, but the record will not sustain this view. It was made at the same time. The declaration shews how the land was to be paid for, and that the contract was executed according to its stipulation. The liability therefore, sought to be enforced in this action, was not on the contract of sale, but was on the contract of assignment. But if the verbal contract relied on, to give the obligor further time for payment, took place after the assignment, it was a promise to pay the debt of another, and as such, void under our statute of frauds.

By JUDGE COLLIER. The bill of exceptions very

naturally suggests for our consideration these questions: 1st. Is it competent to vary a contract in writing, by a verbal agreement, made at the time the contract is entered into, and is such the effect of the testimony, with regard to the indulgence of the obligor? 2nd. Is assumpsit the proper remedy against the assignor of a specialty on an indorsement under seal? 3d. Can the copy of a registered deed of conveyance, be read in evidence, without accounting for the original?

1st. Where parties have reduced their contract to writing, it is presumed that it contains every stipulation in regard to the subject matter of contract, in which their minds concurred; and hence neither party will be permitted to prove verbal reservations or conditions to have been made at the time it was entered into. In *Dupuy v. Gray*,[a] the plaintiff in error was sued as the assignor of a bond. On trial in the Court below, he offered to prove a verbal agreement, made at the time of the assignment, that he was not to be liable until it should be ascertained by suit, that the money could not be collected of the obligor, which evidence was rejected by the Circuit Court, and this Court ruled, that such evidence went to vary and control the terms and legal effect of the contract in writing, and its rejection was proper. To the same point is *Wesson v. Carroll*.[b]

[a] Minor's Ala. Rep. 357.

[b] Ibid 251.

In *Free and another v. Hawkins*,[c] the indorsee brought an action against the indorser. The defence set up, was a want of notice of the dishonor of the note; whereupon the plaintiffs tendered as a waiver of such notice by the defendant, evidence that he knew and expected that payment of the note was not to be enforced, until after the estates of the maker were sold, and then only in the event of the proceeds of the estates not being sufficiently productive; and that whatever might be the course of law, such was the understanding when the note was given. The evidence was rejected at *nisi prius*. On a rule *nisi*, to set aside the nonsuit and have a new trial, the Court of Common Pleas held, that the evidence was properly rejected; and remarked, that if the parties mean to vary the legal operation of an instrument, they ought to express such variance; if they do not express it, the legal operation of the instrument remains. The effect of the evidence tendered, would be to vary the note and to control its legal operation. The case of *Hoare v. Graham*,[d] was referred to by the Court, as analogous in principle, to the one be-

[c] 8 Taunt. 92.

[d] 3 Camp. 58.

fore them, and as deciding that that which is expressed in writing, and which is the best evidence of a contract, should alone constitute the contract. In *Hunt v. Adams,*[a] evidence was offered, to shew that at the time the note was signed by Adams as security, it was agreed between him and the plaintiff's intestate, that he should not be called upon, until an attempt had first been made to obtain payment of Chaplin, the principal in the note. This evidence was held to have been rightfully rejected by the judge who tried the cause; and it was ruled, that parol evidence cannot be admitted, to alter the legal effect of a written simple contract. To the same effect are the cases of *Preston v. Lerceau* and *Coker v. Grey.*[b] In *Stackpole v. Arnold,*[c] it is decided, that there is no difference with regard to the admissibility of explanatory or contradictory proofs, between simple contracts in writing and sealed instruments.

If these decisions are to be relied on as correctly ascertaining the law, it does not require the aid of further illustration to manifest, that the opinion of the Court below, by which oral evidence of an extension of the time of payment was admitted, is erroneous. And the question is so clearly determined by these authorities, that I do not feel authorized to dissent from them, the more especially as my researches furnish no opposing adjudication.

Had the point been *res integra,* without any other light than principle to guide, I should have hesitated before I determined that oral evidence of a fact, concomitant with the indorsement, was not admissible, by way of excuse for a failure to give notice of the dishonor of a note. Though I have no objection to the principle of the rule which excludes such testimony, I believe its application to have been extended full as far, as the purposes of justice demand. But the question has been settled and I acquiesce, believing it is more important in most cases, to the security of rights, that the law should be fixed and certain, than that it should be correctly established. If it had appeared from the declaration that the agreement for indulgence was verbally made, advantage should have been claimed on demurrer, but it does not appear from the declaration, that the agreement was not in writing.

2d. The action of assumpsit is not maintainable upon writings under seal, where they are sued on as the foundation of the action, but in such case, the party must bring debt or covenant, according to the character of the writing.

*Sommerville*
*v.*
*Stephenson*
*& Johnston.*

*a* 7 Mass. R.
518.

*b* 2 W. Black.
1249. 2 Bos.
and Pul. 565.
*c* 11 Mass. R.
27.

In order to determine what action is the appropriate remedy upon the assignment, it is necessary to inquire into the nature of the obligation it imposes. The assignor undertakes with the assignee, that if he will employ due diligence to get the money of the maker and fail, then if he will give a reasonable notice of the failure, he will pay him. It is obvious that the assignment imposed no present duty upon the assignor, but is only an act from which he may become liable, upon the performance of after acts by the assignee, and can be considered as but inducement to his liability.

JANUARY 1831

Sommerville
v.
Stephenson
& Johnston.

In *Deeborough v. Vanness,*[a] the Supreme Court of New Jersey decided, that a demand and notice, or something equivalent, are the corner stones of the indorser's right of recovery. In *Dwight v. Emerson,*[b] the law is declared in equivalent language, and so are all the authorities.

[a] 3 Hals. R. 231.

[b] 2 N. H. Rep. 159.

In *Brickell v. Batchelor,*[c] it was held, that covenant would not lie on an assignment under seal of a bond for tobacco, the breach assigned being that the obligor did not pay. The opinion of the Court is a brief declaration, that covenant will not lie, without even suggesting the proper remedy. It is clear that debt will not lie in such case, for the obligation of the assignor "is collateral and not absolute," *Whiting v. King.*[d] Assumpsit then being the only remaining action for the enforcement of contracts, must be the legal remedy, or else the party would be remediless at law, which cannot be.

[c] C. & N. 109. N. Carolina Rep.

[d] Minor's Ala. Rep. 122.

In *Baird & Briggs v. Blaigrove's executor,*[e] the Court of Appeals of Virginia ruled, that where a scaled instrument is inducement to the action, and not the foundation of it, assumpsit may be maintained upon the parol liability. The contract of assignment shews that the ground of action is the employment of due diligence to get the money of the maker, and a reasonable notice of the failure to the assignor; to these the assignment is but inducement: hence I am of opinion that the action is not misconceived.

[e] 1 Washington R. 170.

3d. The ancient and well settled rule, which requires the production of the best evidence to prove a fact, of which it is susceptible, would render inadmissible the copy of a deed, where the original is extant, and within the reach of the party offering the copy. Its admission could only be legalized by statute. By the 1st section of the act of the 4th March, 1803, entitled "an act respecting conveyances," it is enacted, that every deed or convey-

ance, acknowledged or proved, and certified pursuant to the provisions of that act, shall be received in evidence in any Court of the territory, as if the same were then and there produced and proved. This section only provides for the admission of the original deed as evidence, without requiring proof of its execution, by testimony taken in the usual manner, by deposition or the oral examination of witnesses.

The 13th section of the same act, enacts that if the original deed or conveyance be lost or mislaid, or be destroyed by time or accident, and is not in the power of the party to produce it, the record thereof, and the transcript of such deed or conveyance, certified to be a true transcript by the clerk, in whose office the record is kept, shall be received in evidence in any Court of the territory. This provision can only be viewed as declaratory of the common law, and not introductive of a new principle in the rules of evidence; for it has always been understood, that where it is not practicable to produce evidence of the first grade, that which is of a secondary character in the ascertainment of truth, is admissible.

In the case before us, the defendants in error did not bring themselves within the operation of the act. It is not pretended but that the original deed is in existence, and for any thing appearing to the contrary, it may have been within the defendant's possession.

But it is argued, that the fact of the sale and conveyance of the land described in the deed, was not put directly in issue, but was only a collateral and incidental inquiry; and therefore it was competent to prove the fact, by evidence of a secondary grade. Without controverting the position that facts drawn collaterally in question, need not generally be proved, according to the strict rules of evidence, it may be assumed that the pleadings brought directly before the Court, an inquiry into the sale and conveyance of lands. The third count in the declaration, seeks to charge the defendant below upon a promise, for which the sale and conveyance of lands was the only consideration. The insertion of this count was perhaps unnecessary, and a recovery might have been had, if at all, upon the other counts, which charged the defendant below upon his indorsement, but as an issue was made up on it, to sustain that issue, it was material to prove a sale and conveyance of lands as alleged, and this too by the best evidence which could be adduced. Hence it follows, that a copy of the deed could

not have been read, without accounting for the absence of the original. And for its admission, as well as the admission of proof of a verbal agreement, extending the time of payment, I am of opinion that the judgment should be reversed and the cause remanded. But a majority of the Court being of opinion that the action is misconceived, and should have been covenant, the judgment is reversed.

Judgment reversed.

JUDGE TAYLOR, not sitting.

JANUARY 1831

Sommerville
v.
Stephenson
& Johnston.