## Beard v. White, Administrator, *de bonis non.*

1. Parol testimony, inadmissible to establish a term or condition of a written contract, as to which, the written contract is silent.

Error to the Circuit Court of Tuscaloosa county.

ASSUMPSIT on a promissory note. Plea, non assumpsit; verdict and judgment for plaintiff below.

From a bill of exceptions, taken in the cause, it appears that one Palmer made a parol contract with the plaintiff in error, for the sale of a tract of land, and put him in possession. *After his*

death, the contract not having been reduced to writing, the plaintiff in error executed two notes for the purchase money of the land, to one Job Going, administrator of Palmer; one for six hundred dollars, payable in a short time; and the other, which is the one sued on, for nine hundred dollars, payable some three years afterwards, and at the same time, received from Going, who held the legal title, a bond, with condition to make the plaintiff in error a title, on the payment of the purchase money. The condition of the bond is as follows:

"The condition of the above obligation is such, that whereas, one Benjamin Palmer, (now deceased,) of whom the above bound Job Going, has been duly appointed administrator, did in his life time, bargain and sell to the said John Beard, certain real estate, situate, lying and being, in the county of Tuscaloosa, and did in his life time, put the said John Beard, in possession of the same, and which said real estate, had been previously purchased of the above bound Job Going, by the said Palmer, to wit: [here follows the description of the land]: and whereas, in pursuance of said contract, so made and entered into, between the said Palmer and the said Beard, the said Beard hath this day executed his notes to the said Job Going, as administrator, for the purchase money, amounting to fifteen hundred dollars, to wit: one note of the date hereof, for six hundred dollars, due first March next; and one for the sum of nine hundred dollars, due the first March, 1834. Now, if the said Job Going, shall well and truly make and execute, a good title in fee simple to the said John Beard, for the said tract of land, on the payment of the purchase money, then," &c.

The plaintiff in error, defendant below, offered to prove that the parol contract, entered into between him and Palmer, was, that he was to give fifteen hundred dollars for the land, on which was a water saw and grist mill, to be paid at the periods stated in the bond executed to him by Going; and that it was agreed between him and Palmer, that if any repairs were necessary to the mills or dam, within three years, they were to be made by him, (Beard,) and allowed out of the last payment. And also,

offered to prove, that after the making of the contract, and within three years, he had expended, in making repairs, six hundred and eighty dollars.

To the introduction of this testimony, the plaintiff below objected, and the objection was sustained by the court.

To this opinion of the court, the defendant below excepted, and now assigns the same as error.

PECK, for the plaintiff in error, insisted that the parol testimony did not alter, add to, or diminish the written contract; but merely superadded a condition, as to which the written contract was silent: or if that view was inadmissible, that it was merely a mode of discharging the contract; and therefore, not within the rule: and cited Norris Peake 191: Burchfield's administrators v. Castleman, Addis. Rep. 181: 2 Dallas Rep. 173: 1 Yeates 135: 5 Sergeant & Rawle 363: 3 Binney 315: 2 Conn. Rep. 302: 2 Call 421: 3 Call 329: 4 Hen. & Munn. 101: 1 Call 280: 2 Munford 40: 8 Wendell 641: 9 Wendell 227: 6 Mass. 434: 1 Mason 11: 8 Dunford & East 379.

W. COCHRAN, contra, cited the decision of this case at a previous term of this Court, 5 Porter 94: Caldwell v. May, 1 Stew. 425: and McCoy v. Moss & Newberry, 5 Porter 88.

ORMOND, J.—No principle of law, is more frequently the subject of consideration in this Court, than the rule of evidence which governs this case, that *parol testimony* cannot be heard, *to add to or diminish a written contract.* Exceptions have been engrafted on the rule, which are as well settled as the rule itself; as, for example, that a latent ambiguity, may be explained by parol proof. It is not contended that this case falls within any of the established exceptions to the rule; but that the parol testimony offered, should have been received, because it merely superadded a condition, as to which the written contract was silent. Or if that view is inadmissible, that the evidence merely showed an agreement in discharge of the written contract, and therefore, entirely consistent with it.

The rule is one of the utmost importance in the administration

of justice, and should be preserved inviolate; as it is difficult to foretell the amount of mischief which would ensue, if it were abrogated or frittered away, by nice and insensible distinctions.

The proposition that parol proof may be received to prove a stipulation or condition, as to which the written contract is silent, is inadmissible; it would in effect completely overturn the rule itself, and was so held by this court, in the case of McCoy v. Moss & Newberry 5th Porter, 88. When the parties reduce their contract to writing, the stipulations contained in it, cannot be varied either by adding to or diminishing them. If, however, no such attempt is made, but as is frequently the case upon the sale of property, a note is given for the price of the thing sold by one party, and the stipulations as to the *consideration* and *subject matter* of the contract, are not evidenced by writing, but rest in parol, there can be no objection, if the ends of justice require that they should be known, that such facts should be established by parol. Thus, in the case of Murchie v. Cooke & McNab, 9th Porter, where Murchie had executed his note for a sum of money, and there was a parol agreement, that it should be paid in a particular mode, we held the parol proof admissible. The court say, "proof that the note was to be paid in whole or in part, in a particular mode, is entirely consistent with the terms of the written contract; and this, in our opinion, is the only effect that can be ascribed to the rejected testimony. It admits the making of the note, and that the amount is correct, but that it was to be discharged *pro tanto*, by the debt due the plaintiff in error, from McMahan, Murchie & Co."

So, in the case of W. & J. Simonton v. Ninian Steele at the last term, a case analagous to the one last cited, the court say, "the *contract* is not evidenced by the note; that only ascertains when the money is to be paid, but leaves us entirely ignorant of the consideration for which it was given, or any of the *terms* by which the contract was to be governed."

These cases are supposed by the learned counsel for the plaintiff in error, to be in principle like the present; but it is only

necessary to advert to the facts of this case, to see that they are entirely dissimilar. In this, there is not only the note for the payment of the price of the land, but there is also a written contract, stating the consideration and other terms of the contract with great particularity. We must conclude that this evidences the intention of the parties, and contains the entire contract. The price to be given is certainly as essential as any other term of a contract; and yet the effect of the parol evidence would be to reduce the price nearly one half, and might extinguish it altogether. It would be passing strange, if, when the mind of the contracting parties is reduced to writing, for the security of both, so vitally important a portion of the contract as this should be omitted.

It is not easy to conceive a case in which the wisdom of the rule is more apparent than in this. The parol contract is said to have been made in June, 1830; the written agreement which recites, and professes to carry into effect the previous parol contract, is entered into in February 1831, by Going, the administrator of Palmer, and the plaintiff in error; and now, after the lapse of ten years, and after the death of both Going and Palmer, it is proposed to alter, by *parol* proof, the terms of the *written* contract, in a most important particular.

It is impossible to consider the testimony offered, as merely establishing a mode of discharging the contract, so as to bring it within the influence of the case of Murchie v. Cook & McNab, previously cited. Its obvious and necessary tendency is not to admit that the price of the land is due, and point out a mode of payment, but to diminish the price, by showing, that upon the happening of a certain event, it was not to be paid at all, or only in part. The consequence of permitting this to be done, would in our opinion be of the most alarming character, and deprive all written contracts, of the faith now reposed in them. The principles of those decisions of this court, in which such proof has been permitted, is that the material stipulations of the contract, never were in fact intended to be reduced to writing, but were permitted by the parties to remain in parol, and by necessary consequence, could be established in no other mode. In the

Beard v. White, Administrator *de bonis non.*

cases of Dozier v. Duffee, and Paysant v. Ware & Barringer, at at the last term we held, that parol proof was inadmissible at law, to show a mistake in the written contract.

The authority referred to from Norris Peake 191, " that parol evidence might be given of collateral matters about which the written contract was silent, as that the landlord agreed to make repairs in a covenant of lease, rests on the dictum of Lord Hardwicke, which though followed in one or two subsequent cases, has been since expressly denied to be law, as will be seen by the cases referred to by Mr. Sugden, in his treatise on vendors; and this both at law and in equity. Such was the decision of this court, in the case of McCoy v. Moss & Newberry, 5th Porter, 88; previously cited.

The court below did not err in refusing to permit the parol testimony to go to the jury, and its judgment is therefore affirmed.

NOTE.—This case was decided at the January Term, 1840, but was omitted through mistake; to be inserted in its proper place.