## NORRIS *vs.* NORRIS.

[BILL IN EQUITY FOR DIVORCE—MOTION TO DISSOLVE INJUNCTION.]

1. *Injunction dissolved for want of equity, and bill retained for other relief.*—Whenever the allegations of the bill are not sufficient to warrant the interference of the court by injunction, the injunction may properly be dissolved for want of equity, although the bill may be retained for other relief.

2. *Allegation of wife's fear, without stating facts, insufficient to enjoin husband's removal of his property.*—Where the wife files a bill against her husband for a divorce *a vinculo*, and alleges "that she has just cause to fear, and in fact does fear, that upon the filing and service of this bill he will remove or dispose of his whole property", but does not state the facts which cause her fears, the allegations are not sufficient to authorize an injunction to prevent the removal of the defendant's property.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Mrs. Margaret F. Norris, suing by her next friend, James M. Lenoir, against her husband, James R. Norris; praying for a divorce *a vinculo matrimonii*, alimony out of her husband's estate, and an injunction to prevent the removal of his property out of the jurisdiction of the court. The prayer for an injunction is predicated on the following allegation in the bill: "And your oratrix further shows, that she has just cause to fear, and in fact does fear, that the said James R. Norris, upon the filing and service of this bill, the whole of his property being moveable and of easy transportation and disposition, will remove or dispose of the same, unless restrained from so doing by the order of this honorable court."

On the filing of this bill, an injunction was awarded by the Hon. Nat. Cook; and on the coming in of the answer, the defendant moved to dissolve the injunction. The chancellor, on the hearing of this motion, dissolved the injunction for want of equity, but retained the cause for further proceedings; and his decree is now assigned for error.

J. H. CAMPBELL, for the appellant.

LAPSLEY & BYRD, *contra.*

GOLDTHWAITE, J.—Whenever the facts alleged in the bill are not sufficient to warrant the interference of the court by injunction, the injunction may properly be dissolved for want of equity, so far as it is concerned, although it may be necessary to retain the bill with a view to other relief. Chesapeake & Ohio Canal Co. v. Baltimore & Ohio Railroad Co., 4 Gill & John. 7. This is the case here. The allegations of the bill as to the matters which, if proved, would be a good cause for a divorce, are not of themselves a sufficient ground for an injunction to prevent the defendant from removing or disposing of his property. We do not say they might not be looked at by the court to support other allegations, which, standing alone, would not be sufficient. In the present case, however, the complainant simply alleges that she has just cause to fear, and does fear, that on the filing of the bill the property of the defendant will be removed; but upon what circumstances this fear is founded, we are entirely in the dark. She should have gone further, and alleged the facts which gave rise to these fears, in order that the chancellor might see there was some ground for them; but she does not even refer them to the conduct of the defendant, which forms the gravamen of her bill. Her fears, for aught we know, may be entirely groundless. It would, as the chancellor said, be a grievance, if a man's property could be tied up upon so loose an allegation as this.

The decree dissolving the injunction must be affirmed, and the next friend must pay the costs of the appeal.