JACKSON FARRAR, Assignee of William F. Watson, Plaintiff in Error, *v.* BENJAMIN P. HINCH, Adm'r *de bonis non.* of Sylvester Eveleth, deceased, Defendant in Error.

### ERROR TO GALLATIN.

In an action upon notes given for a patent right, for which a deed was executed, expressing the consideration for the notes, it is incompetent for the defendant to show by parol evidence that anything else than was expressed in the deed was to be conveyed by it.

Farrar, Assignee, etc. *v.* Hinch, Adm'r, etc.

The law presumes that the contract between the parties expresses the whole agreement between them.

THIS cause was brought into the Gallatin Circuit Court, at the June term, 1856, of said court, by Jackson Farrar, assignee of William F. Watson, on appeal from the County Court of Gallatin county, from a judgment rendered in said County Court against said Farrar, who was the plaintiff in that court, and Winder Bailey, administrator *de bonis non* of Sylvester Eveleth, who was the defendant. The judgment of said County Court was rendered at January term, 1856.

Before the June term, 1856, of the Gallatin Circuit Court, said Winder Bailey departed this life, and at the said June term of said court the death of said Bailey was suggested, and Benjamin P. Hinch, as administrator *de bonis non*, is made a party to this suit, and was duly summoned to the October term, 1856, of said court.

At the October term, 1857, of the Gallatin Circuit Court, this cause was tried by a jury, WESLEY SLOAN, judge, presiding. The jury found for the defendant, Benjamin P. Hinch. Motion was made for a new trial, and in arrest of judgment. The court overruled the motion, and entered judgment for defendant for costs, etc.

The bill of exceptions shows that the plaintiff introduced the following notes in evidence, to wit:

$1,000.  SHAWNEETOWN, ILL., July 13th, 1853.
Twelve months after date I promise to pay to the order of William F. Watson, one thousand dollars, for value received, negotiable and payable without defalcation or discount.  (Signed)  SYLVESTER EVELETH.

Upon the back of which note was the following indorsement, to wit:

I assign the within note to Jackson Farrar for value received.
(Signed)  WILLIAM F. WATSON.

$250.  SHAWNEETOWN, ILL., July 13th, 1853.
On or before the first day of January next, I promise to pay to the order of William F. Watson, two hundred and fifty dollars, for value received, negotiable and payable without defalcation or discount.
(Signed)  SYLVESTER EVELETH.

Upon the back of which said note was the following indorsement, to wit:

I assign the within note to Jackson Farrar for value received.
(Signed)  WILLIAM F. WATSON.

$250.  SHAWNEETOWN, ILL., July 13th, 1853.
On or before the first day of April next, I promise to pay to the order of William F. Watson, two hundred and fifty dollars, for value received, negotiable and payable without defalcation or discount.
(Signed)  SYLVESTER EVELETH.

Upon the back of which note was the following indorsement, to wit:

I assign the within note to Jackson Farrar for value received.

(Signed)     WILLIAM F. WATSON.

To the introduction of which said notes the defendant objected, which objection was overruled, and the defendant excepted, and the said notes were read to the jury in evidence. The plaintiff then rested.

Whereupon the defendant introduced in evidence the following indenture, made and executed by William F. Watson and Jackson Farrar (plaintiff,) by William F. Watson, attorney, to Sylvester Eveleth, to wit:

WHEREAS, James M. Clark, of the city of Lancaster and State of Pennsylvania, did obtain letters patent of the United States for improvements in combining grinding and bolting machines, known as James M. Clark's Patent Portable Flouring Mill, which patent bears date May 13th, 1851; and whereas the said James M. Clark did, for a consideration to him in hand paid, on the 10th day of September, 1851, lawfully assign, sell and set over all the right, title and interest which he had in said invention, as secured to him by said letters patent for, to and in the United States, to Thomas M. Clark; and whereas, Jonathan H. Smith, William F. Watson and Jackson Farrar did, on the second day of April, 1852, obtain of said Thomas M. Clark all the right, title and interest which he had in and to the counties of Alexander, Pulaski, Massac, Pope, Hardin, Union, Jackson, Randolph, Perry, Franklin, Hamilton, White, Wabash, Edwards, Wayne, Jefferson, Washington, Marion, Clay, Rock Island, Lawrence, Crawford, Jasper, Effingham, Fayette, Montgomery, Shelby, Christian, Cumberland, Clark, Edgar, Coles, Moultrie, Macon, Piatt, Champaign, Vermillion, Scott and Calhoun, all in the State of Illinois.

And whereas, the said William F. Watson and Jackson Farrar did, for a valuable consideration, obtain the exclusive interest and title of the said Smith in the said counties, as will more fully appear by reference to deed of the 26th May, 1852, and recorded at Washington City, in liber Y, T, page 268, of transfers of Patents. And whereas, Sylvester Eveleth is desirous of obtaining an interest therein. Now this Indenture witnesseth, that the said William F. Watson and Jackson Farrar, for and in consideration of the sum of fifteen hundred dollars, to them in hand paid, the receipt of which is hereby acknowledged, have granted, bargained, sold and conveyed, assigned and set over, and by these presents do grant, assign, sell and set over to said Eveleth, all their right, title and interest in the said invention, as secured to them by said deeds, for, to and in the counties of Gallatin, White, Saline, Williamson, Franklin, Hamilton, Jefferson, Wayne, Edwards and Wabash, in the State of Illinois, for his own use and benefit, of his heirs and assigns, to the full end of the time for which said letters patent were patented, as fully and entirely as the same would have been enjoyed by us, if this assignment and sale had not been made. In testimony whereof, we have hereunto set our hands and affixed our seals this 12th day of July, 1853.

D. T. HAZEN.

WILLIAM F. WATSON.     [SEAL.]

JACKSON FARRAR,     [SEAL.]

Per WILLIAM F. WATSON, Attorney.

Whereupon the said defendant introduced D. T. Hazen, the subscribing witness, who stated that William F. Watson signed and executed the said deed for himself and the said plaintiff. The said defendant then offered to read the same in evidence, to which the plaintiff objected, which objection was overruled ; to which the said plaintiff excepted, and the same was read in evidence. Defendant then introduced said D. T. Hazen and others, to show that Watson had verbally agreed to deliver a mill, as described in the assignment, to be exhibited, to induce purchases.

The jury found for the defendant. A motion for a new trial was denied.

The plaintiff in the court below brought this writ of error.

MILTON BARTLEY, for Plaintiff in Error.

J. OLNEY, and N. L. FREEMAN, for Defendant in Error.

CATON, C. J. Assuming that the defendant's proof established that the notes in controversy were given for the consideration expressed in the deed of assignment of the patent right, executed by Watson and Farrar to Hinch, the defense relied upon was not in the least advanced thereby. That defense was, that Watson had also agreed to deliver a mill within a specified time, with the patent, and as a part of the sale thereof. As there was a deed executed at the time of the sale, showing what was sold for the consideration of the fifteen hundred dollars mentioned in the deed, which was all the right, title and interest of the grantors in the invention, within certain specified counties, it was incompetent to prove, by parol evidence, that anything else was to be conveyed for the consideration mentioned in the deed. The law presumes that the deed speaks the whole intention of the parties, and the evidence tending to show that Watson also agreed to deliver a mill, was incompetent. But even if such proof were competent, we think it quite insufficient to show that such was the agreement, as a part of the sale of the patent. It may be that there was a separate agreement, by which the defendant agreed to buy of Watson a mill, and that the mill was never delivered, but there is not a particle of proof tending to justify the inference that those notes were given for such mill. If they had any connection with this transaction at all, they were given for the consideration of the sale of the patent right, and for aught that appears, the defendant has enjoyed the benefit of that unmolested. The verdict was wrong, and the judgment must be reversed and the cause remanded.

42                                                    *Judgment reversed.*