PATRICK MUNDE *vs.* JASPER E. LAMBIE & another.

Hampshire. Oct. 4, 1876. — Mar. 17, 1877. COLT & MORTON, JJ., absent.

A., by a written assignment, in consideration of $2000 paid by B., sold and conveyed to him his entire right, title and interest in certain letters patent. In an action to recover a balance due under this assignment, B. offered in evidence a paper writing, dated three days before the assignment, signed by himself, in which he agreed to pay A. $900, in his notes, when A. should have obtained an improved patent for the same invention, and assigned the same to him; and containing certain conditions and stipulations which were not in the subsequent assignment. B. was also permitted to testify, that after signing this paper, he orally agreed with A. to buy his entire interest in the patent upon the same terms and conditions mentioned in that paper, except that the consideration was $2000, and that A. thereupon executed and delivered the assignment, out had not complied with the conditions. *Held*, that the evidence was inadmissible as varying the terms of a written contract.

ENDICOTT, J.   The plaintiff seeks to recover a balance of the purchase money due him from the defendants under an assignment of certain letters patent of the United States.   He put in evidence the assignment, dated September 23, 1873, whereby it appears that, in consideration of $2000 paid by the defendants, he sold and conveyed to them his entire right, title and interest in the letters patent, issued to him August 5, 1873, for an improvement in folding-tables.   The defendants offered in evidence a paper writing, dated September 20, 1873, signed by the defendants, in which they agree to pay the plaintiff $900 in their notes when he shall have obtained an improved patent in folding-tables securing the right of sliding legs, and assigned the same to them.   The writing also recites that a patent for folding-tables had been granted to the plaintiff, and contains the clause: "Should the application for patent in said improvement be rejected, he, the said Munde, will give us proof that no other parties can make, use or vend tables with sliding legs."

It is evident that the parties changed the contract contemplated by this paper; and the outright assignment of the letters patent of August 5, for the sum of $2000, was made three days after, and makes no mention of the conditions named in the previous paper.   They were separate and distinct agreements, containing inconsistent stipulations, and the second was in substitution of and annulled the first.

The defendants were permitted to testify that, after signing the paper of September 20, they orally agreed with the plaintiff to buy his entire interest in the patent, upon the same terms and conditions mentioned in the paper of September 20, except that $2000 was the consideration; and that the plaintiff thereupon executed and delivered the assignment of September 23, and had not complied with the said conditions. The plaintiff objected to this evidence, as tending to vary, contradict and enlarge the terms of the assignment; but it was admitted for the purpose of showing the consideration of the assignment.

We are of opinion that the evidence was not competent for that purpose. Its effect would be to engraft, by an oral agreement, new stipulations upon a written contract, materially changing its character and provisions. It would import into the written assignment a condition that the consideration of $2000 was not to be paid in cash but by notes, and also other conditions relating to the procurement of an additional patent, and the furnishing of certain proof if the application for the additional patent was rejected.

In *Ryan* v. *Hall*, 13 Met. 520, there was a written memorandum of a sale of land, to be paid for at so much a foot; and it was held that evidence was inadmissible to prove that it was agreed, when the memorandum was executed, that one quarter part should be paid in cash, and three quarters in notes, secured by mortgage, in one, two and three years; the effect of such agreement being to vary the written contract, which was to pay cash on demand. So in *Underwood* v. *Simonds*, 12 Met. 275, by the terms of a note, the defendant promised to pay the plaintiff absolutely a sum of money, and he was not allowed to prove that he was to pay it on condition that he could collect a certain other note, and it was held that the evidence had no tendency to prove want or failure of consideration.

In *Howe* v. *Walker*, 4 Gray, 318, the defendant had made a quitclaim deed to the plaintiff, with a covenant of warranty against the demands of all persons claiming under him. There was a mortgage on the premises not created by the defendant, and the plaintiff attempted to prove that, at the time the deed was made, the defendant, for the same consideration named in the deed, agreed orally that he would pay and discharge the

mortgage.    The plaintiff paid the mortgage, and brought the
action to recover the amount so paid of the defendant.    The evi-
dence was excluded, and it was said by Mr. Justice Thomas,
" Under the power of proving by parol the consideration of a
written contract, you cannot establish an independent agreement,
otherwise within the statute of frauds.    Nor can you, under the
guise of proving by parol the consideration of a written contract,
add to or take from the other provisions of the written instru-
ment."  See also *Warren* v. *Wheeler*, 8 Met. 97 ; *Hanchet* v. *Birge*,
12 Met. 545 ; *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Met. 39 ;
*Adams* v. *Wilson*, 12 Met. 138 ; *Beard* v. *White*, 1 Ala. 436 ;
*M' Crea* v. *Purmort*, 16 Wend. 460, 473 ; *Farrar* v. *Hinch*, 20
Ill. 646.

The cases, relied on by the defendants, of *Clark* v. *Deshon*, 12
Cush. 589, *Preble* v. *Baldwin*, 6 Cush. 549, 553, and *Clapp* v.
*Tirrell*, 20 Pick. 247, have no application to the facts presented
in this case.                                    *Exceptions sustained.*

*A. J. Fargo*, for the plaintiff.

*W. G. Bassett*, for the defendants.