(93 South. 902)
### FORD v. SOUTHERN MOTOR CO. et al.
(6 Div. 702.)

(Supreme Court of Alabama. June 29, 1922. Rehearing Denied Oct. 12, 1922.)

1. **Evidence ☞441(11)—Parol agreement between indorser and payee extending time of maturity not available in action to enjoin foreclosure at time specified in note.**

In action by indorser of collateral note against payee to whom he had indorsed it, to enjoin foreclosure, parol agreement between payee and indorser, in which the maker was not a party, was not available to extend time of maturity of note, since such parol agreement would alter the terms of the writing.

2. **Evidence ☞402—Rule as to inadmissibility of parol contemporaneous agreements applicable to bills of exchange and notes.**

The rule that parol contemporaneous agreements are not admissible for the purpose of adding to, altering, contradicting, varying, or explaining the terms of a written contract is as applicable to bills of exchange and promissory notes as to any other contracts.

3. **Evidence ☞441(11)—Parol agreement between indorser and indorsee not admissible to change maturity of debt.**

A parol agreement between indorser and indorsee attempting to change the maturity of the note is inadmissible, since it tends to contradict and alter one of the material terms of the obligation.

4. **Injunction ☞172 — Temporary injunction may be dissolved on motion based on sworn answer and affidavits.**

A temporary injunction may be dissolved on motion to dissolve based on the sworn answer and affidavits.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Charles W. Ford against the Southern Motor Company and J. A. Carr, to enjoin sale of collateral. From a decree dissolving temporary injunction, complainant appeals. Affirmed.

This appeal is from an interlocutory decree dissolving an injunction against the appellees from foreclosing a collateral note dated August 1, 1921, and payable December 1,

1921. The note was made by W. M. Holt as maker and indorsed by appellant, C. W. Ford, and made payable to the Southern Motor Company. The collateral was 18½ shares of the stock of the Big Four Coal Mining Company, a corporation.

The equity of the bill is based on the averment that J. A. Carr, the party acting for the Southern Motor Company, or acting for himself, as the bill assumes, and the real creditor, agreed with C. W. Ford at the time Ford indorsed the note that the note would be extended from time to time to the 1st day of August, 1922. Holt, the maker of the note, is not a party to the proceeding, nor does the bill aver that he is a party to the alleged agreement.

The gist of the bill is in paragraph 1 as follows:

"That heretofore, to wit, previous to March 16, 1921, one W. M. Holt, of Birmingham, Ala., was indebted to J. A. Carr in a sum aggregating $2,625, the payment of which was secured by the deposit of the 18½ shares of the capital stock of a corporation known as the Big Four Coal Mining Company, which last-mentioned note is still unpaid; but complainant shows that on, to wit, August 1, 1921, the said note last mentioned was settled by a new note in the sum of $2,745.65 made by the said Holt, and which was indorsed by orator, under the express agreement between the orator and the respondent Carr that he, the said Carr, would extend from time to time the last-mentioned indebtedness as the same should mature upon renewals thereof for period of one year from the 1st day of August, 1921, and that the same has been so renewed, and is still outstanding and unpaid."

Paragraph 2 of the bill avers:

"That the said Carr, having in hand at the time the note of August 1, 1921, was made, a form of note which was in use by the respondent Southern Motor Company, Inc., the said indebtedness last mentioned was evidenced upon a form of note used by the respondent Southern Motor Company, and the said obligation upon which said orator is indorser is still outstanding on the same form of note; but orator shows that the debt is a debt owing to the said J. A. Carr and is not a debt owing to the respondent Southern Motor Company."

It is further alleged that the threatened foreclosure of the collateral security, which has been purchased by complainant from said Holt, is in fraud of the agreement made between complainant and the respondent J. A. Carr, set out in paragraph 1 of the bill, in consideration of complainant's indorsement of the note as aforesaid.

The prayer is for a decree declaring J. A. Carr to be the owner of the debt evidenced by the note, and of the said collateral, and for a temporary injunction restraining both respondents from proceeding with the threatened foreclosure, and for a permanent injunction restraining said Southern Motor Company from exercising any rights, powers, or authority over said collateral as owner or holder thereof.

Respondents demurred to the bill for want of equity, and on their motion the cause was set down for hearing on motion to dissolve the temporary writ, issued as prayed, on the bill, answer, and evidence as submitted.

The trial court granted the motion to dissolve, on the ground that the bill is without equity, and the complainant appeals.

A. Latady and Arthur L. Brown, both of Birmingham, for appellant.

An injunction may be retained, notwithstanding the denials of the answer, when the mortgagee is about to foreclose a mortgage to the prejudice of the mortgagor, and when it is alleged that the existence of the mortgage has been fraudulently concealed from complainant. 87 Ala. 185, 6 South. 3. Equity will enjoin foreclosure, when it is attempted for the purpose of appeasing the debtor, and when such foreclosure appears to be unconscionable. 90 Ala. 302, 8 South. 157; 97 Ala. 503, 11 South. 836; 99 Ala. 548, 13 South. 18. When the dissolution of an injunction would cause greater injury than its continuance, it will not be dissolved, though the equity of the bill is fully met. 87 Ala. 185, 6 South. 3; 100 Ala. 148, 14 South. 552; 102 Ala. 454, 14 South. 776; 7 Conn. 50; 90 Ala. 302, 8 South. 157; 97 Ala. 503, 11 South. 836; 99 Ala. 548, 13 South. 18; 201 Ala. 150, 77 South. 574; 101 Ala. 681, 14 South. 639.

Beddow & Oberdorfer, of Birmingham, for appellees.

If there is on file demurrer for want of equity on exceptions to the answer, they must be considered with the motion to dissolve; but, if there is no such demurrer, the bill must be dismissed, if it lacks equity. Sims, Ch.; 3 Stew. & P. 285; 37 Ala. 687. A contemporaneous verbal agreement repugnant to the terms of a note is inadmissible. 59 Ala. 481; 82 Ala. 253, 2 South. 644; 119 Ala. 424, 24 South. 421; 131 Ala. 215, 31 South. 430; 54 Ala. 175; 70 Ala. 484, 45 Am. Rep. 88; 98 Ala. 258, 13 South. 48; 93 Ala. 405, 9 South. 367; 89 Ala. 505, 7 South. 444; 201 Ala. 411, 78 South. 789. The rule that parol evidence is inadmissible to vary the terms of a written instrument applies as well in equity as at law. 153 Ala. 558, 45 South. 71; 61 Ala. 80; 19 Ala. 680, 54 Am. Dec. 209; 22 C. J. 1074; 6 Ala. 532, 41 Am. Dec. 66; 203 Ala. 14, 81 South. 682.

SOMERVILLE, J. [1] On well-established principles of law, the bill of complaint is clearly without equity.

Conceding that J. A. Carr is, as alleged, the real owner of the note, and that he therefore had the authority to make, and did in fact make, the alleged agreement with complainant at the time he indorsed the note—

viz. that the time for the payment of the note would be extended from time to time until August 1, 1922, beyond the date of its expressed maturity—that agreement cannot be asserted either in law or in equity, because it is in violation of the elementary rule that parol contemporaneous agreements are not admissible for the purpose of adding to, altering, contradicting, varying, or explaining the terms of a contract in writing, upon its face complete. 6 Michie's Digest, p. 351.

[2] This rule is as applicable to bills of exchange and promissory notes as to any other contracts, as numerous adjudicated cases show.

In the early case of Sommerville v. Stephenson, 3 Stew. 271, the subject was quite fully discussed, and it was held that, in an action by an assignee against an assignor, the plaintiff could not excuse his lack of diligence as against the maker by showing a parol agreement between himself and the assignor that the latter would not be responsible for payment of the note until he had waited for two years on the maker, the note being in terms payable immediately. Still more specifically, in Doss v. Peterson, 82 Ala. 253, 2 South. 644, it was held that, in an action on a promissory note payable unconditionally, and on a day certain, parol evidence of a contemporaneous or antecedent agreement, postponing the time of payment, cannot be received.

In Corpus Juris the consensus of the authorities is thus stated:

"It cannot be shown that the time for the payment of the obligation, as agreed upon by the parties is different from the date of the maturity as appearing in the instrument, or that there was an agreement at the time of the making of the note that it would be renewed at maturity." 22 Corp. Jur. 1095.

Other illustrations will be found in Gliddens v. Harrison, 59 Ala. 481; Montgomery R. Co. v. Hurst, 9 Ala. 513; and Beard v. White, 1 Ala. 436.

[3] The rule of course as aptly applies to a parol agreement between indorser and indorsee as to one between maker and payee; and the effect of the agreement here sought to be enforced being to change the maturity of the debt, and to thereby contradict and alter one of the material and vital terms of the obligation, the agreement is clearly inadmissible.

If the Southern Motor Company collects the debt, as payee of the note and holder of the collateral, that will of course effect a complete discharge of the maker and the indorser, even though Carr be in fact the beneficial owner of the debt; and the relations between said company and Carr can be of no concern to complainant as indorser of the note.

Still conceding the beneficial ownership of Carr, as charged in the bill, we know of no principle of law which would operate, in favor of the maker or indorser, to forbid the foreclosure of the note by the payee, the Southern Motor Company, in its own name, according to the tenor of the note; nor, indeed, is such a contention insisted upon in the brief for appellant.

[4] Appellant conceives that, as the submission was on a motion to dissolve on the sworn answer and affidavits, dissolution could not properly be predicated on the want of equity in the bill. But the rule was settled otherwise in Williams v. Berry, 3 Stew. & P. 284 (1833), where it was held that—

"Notwithstanding, the motion may have been to dissolve, on bill and answer, alone, if the court be satisfied, that the case, as presented by the bill, does not contain sufficient equity, to warrant relief in chancery, then there can be no error, in dissolving the injunction, and dismissing the bill, for that cause."

See, also, Norris v. Norris, 27 Ala. 519; Cave v. Webb, 22 Ala. 583; Nelson v. Dunn, 15 Ala. 501; Bishop v. Wood, 59 Ala. 253.

The decree of the circuit court dissolving the temporary injunction is free from error, and will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.