FIRST STATE BANK OF TEAGUE v. HARE et al.

(Court of Civil Appeals of Texas. Austin. Dec. 4, 1912.)

1. BILLS AND NOTES (§§ 49, 540*)—ACCOMMODATION MAKERS—LIABILITY.

Accommodation makers of a note are, as between the parties, sureties, so that the judgment in an action on the note must be so framed that the execution shall first run against the property of the principal maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 66, 1918–1934; Dec. Dig. §§ 49, 540.*]

2. BILLS AND NOTES (§ 140*)—RELEASE OF SURETY—EXTENSION OF TIME OF PAYMENT.

Where a note signed by a principal and accommodation makers stipulated that an extension of time of payment might be made without the consent of the accommodation makers, an extension of time without the consent of the accommodation makers did not release them from their liability as sureties.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 355–359; Dec. Dig. § 140.*]

3. BANKS AND BANKING (§ 109*)—AUTHORITY OF OFFICERS—ESTOPPEL.

A bank which accepts a note obtained in negotiations conducted by its president may not deny that he had authority to represent the bank in the transaction.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 257–260; Dec. Dig. § 109.*]

4. CONTRACTS (§ 47*)—CONSIDERATION—NECESSITY.

Where there was no consideration for a payee's agreement with the principal maker to accept the note signed by him and an accommodation maker, the payee could refuse to accept the note and loan the money regardless of what occurred between him and the accommodation maker before the acceptance of the note.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 220, 221, 256–258; Dec. Dig. § 47.*]

5. BILLS AND NOTES (§ 49*)—ACCOMMODATION MAKERS—LIABILITY—REVOCATION.

Where an accommodation maker delivered the note to the principal maker to enable him to obtain a loan, he made the principal maker his agent to deliver the note to the payee to obtain the loan, but the agency could be revoked at any time before the payee had paid the money or anything of value to the principal maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 66; Dec. Dig. § 49.*]

6. BILLS AND NOTES (§ 49*)—ACCOMMODATION MAKERS—LIABILITY—REVOCATION.

The revocation of agency created by an accommodation maker delivering the note to the principal maker to enable him to obtain money thereon may be accomplished by the accommodation maker either by erasing his name from the note or by notifying the payee that he does not desire to be bound.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 66; Dec. Dig. § 49.*]

7. WITNESSES (§ 246*)—CONDUCT OF TRIAL—CONDUCT OF TRIAL JUDGE.

A trial judge may not ask questions to emphasize to the jury testimony previously given by a witness, nor aid either party to the litigation by attempting to supply omissions on the part of the litigant or his attorney; but he may ask a witness questions to get clear in his mind the testimony of the witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 852–857; Dec. Dig. § 246.*]

8. TRIAL (§ 29*) — MISCONDUCT OF TRIAL JUDGE.

The remark of the trial judge, in response to an objection to counsel and his statement that he reserved a bill of exceptions, that he would give counsel two bills if he desired them, though irrelevant and uncalled for, is not ground for reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–84, 508; Dec. Dig. § 29.*]

9. APPEAL AND ERROR (§ 1066*)—PREJUDICIAL ERROR—INSTRUCTIONS—ISSUES.

An instruction submitting a defense not pleaded, and authorizing a verdict for defendant on finding enumerated facts essential to support the defense, is reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

Appeal from Freestone County Court; R. L. Williford, Judge.

Action by the First State Bank of Teague against R. P. Hare and others. From a judgment granting insufficient relief, plaintiff appeals. Reversed and remanded.

D. T. Garth, of Teague, for appellant.

KEY, C. J. Appellant brought this suit against R. P. Hare, W. F. Stewart, and J. R. Thomas, seeking to recover upon a promissory note. The defendant Thomas answered by general demurrer, general denial, and a special plea, alleging that he was only a surety upon the note, and that he had been released by an agreement between the plaintiff and his codefendant R. P. Hare to extend the time of payment, which agreement, he alleges, was made without his consent. He also pleaded over against his codefendant W. F. Stewart, asking that he be held jointly liable on whatever judgment was rendered against him (Thomas). The defendant Stewart filed an answer which contained a general demurrer, general denial, and special plea, alleging, in substance, that, while he signed his name to the note as an accommodation to his codefendant Hare, before it was delivered to and accepted by the plaintiff, and before the plaintiff had paid any consideration therefor, he instructed the plaintiff's president, who was acting in the matter for the plaintiff, to erase his name

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

from said note, and not to pay R. P. Hare, principal thereon, any money or other thing of value upon the note while his signature was thereon. He also alleged that the officer of the plaintiff referred to promised to erase Stewart's name from the note, and agreed that he should not be held liable thereon. He then alleged that the plaintiff was estopped because the promise referred to had prevented him from obtaining property from his codefendant Hare, by which he would have protected himself to the extent of the note sued on. The plaintiff filed a supplemental petition, which contained a general and special demurrer, general denial, and a special plea alleging that, prior to the execution and delivery of the note, the plaintiff entered into a contract with the defendant Hare, by which it agreed to lend him the sum of $200, if he would deliver to the plaintiff a note signed or indorsed by the defendant Stewart, and that the plaintiff accepted the note sued on in pursuance of that agreement, and that, on account of such previous agreement with Hare, it could not lawfully refuse to accept the note when tendered, although it may have promised the defendant Stewart not to do so. The defendant Stewart filed a supplemental answer, in which he alleged that he had been released by reason of an agreement between the plaintiff and R. P. Hare to extend the time of payment of the note. In their answers, both Stewart and Thomas asked if they be held liable that the judgment be so framed as that execution should first run against the defendant Hare. There was a jury trial, which resulted in a verdict and judgment for the plaintiff against the defendant Hare for $243.37, and in favor of the defendants Stewart and Thomas, to the effect that the plaintiff recover nothing as against them. The plaintiff has appealed, and, without referring in this opinion to the several assignments of error, we announce our conclusions upon the questions of law presented as follows:

[1] 1. The note sued on specifically stipulates that all of the signers are principals, and we therefore hold that, as between the plaintiff and the defendants, all of the latter who are liable at all are liable as principals. However, as the defendants Stewart and Thomas did not receive any part of the consideration, all of which was paid to the defendant Hare, and as they signed the note to enable him to obtain the consideration, they are, as between him and them, sureties, if liable at all; and therefore had the right to have the judgment so framed as that execution should first run against Hare's property.

[2] 2. But if it should be held that Stewart and Thomas were only sureties as between them and the plaintiff, such holding would be immaterial, because the alleged agreement to extend the time, without the consent of Stewart and Thomas, would not have the effect of releasing them. Such release would be the result but for the stipulation contained in the face of the note to the effect that such agreement to extend time might be made without such consent.

[3] 3. The plaintiff's president represented it in the transaction here involved, and therefore the plaintiff is estopped from denying that he was its agent. It accepted the note here sued on, which was obtained as a result of that transaction, and therefore it will not be permitted to deny that the officer referred to had authority to represent it in the particulars here involved.

[4] 4. It was not shown that there was any consideration for the plaintiff's alleged agreement with the defendant Hare to accept the note signed by Hare and Stewart, and therefore we overrule the contention that the bank could not legally refuse to accept the note and loan the money, regardless of what had occurred between it and the defendant Stewart before its acceptance of the note. Furthermore, if such agreement was made, it was to the effect that a note would be presented that would be binding upon Stewart; and, if the latter notified the bank before the note was presented that he would not be bound by the note he had already signed, then Hare failed to comply with the contract, and for that reason had no legal right to demand the loan he was seeking.

[5, 6] 5. When Stewart signed his name to the note and delivered it to Hare to be used for the purpose of obtaining money from the plaintiff, he thereby created Hare his agent to deliver it to the plaintiff for that purpose. However, the agency referred to was one which Stewart had the right to revoke at any time before the bank had paid the money or anything of value to Hare, and such revocation could be accomplished either by erasing his name from the note, or by notifying the bank that he had changed his mind and was not willing for the note to be used for the purpose for which he had signed it.

[7, 8] 6. As to the matter complained of in appellant's second bill of exception, it is sufficient to say that, as qualified, the bill does not necessarily show reversible error. It appears therefrom that, as the defendant Stewart left the witness stand, the trial judge said to him: "I believe you testified that you told Mr. Mixon not to let Mr. Hare have the money on the note with your name to it. What did Mr. Mixon say when you told him that?" Mr. Stewart answered: "I went to the First State Bank and told Mixon before any money was let out on this note not to let any money out on the note with my name on it, and he promised me that he would not." Appellant's counsel objected to the trial judge's asking the question, and stated that he reserved a bill of exception thereto, whereupon the judge said, "All right, I will give you two bills if you want them," and appellant's counsel reserved an excep-

tion to the latter remark. A trial judge has no right to ask questions, for the purpose of emphasizing to the jury testimony previously given by a witness; nor has he the right to aid either party to the litigation by attempting to supply omissions on the part of such litigant or his attorney. But he has the right to get clear in his own mind the testimony that has been given by a witness, and the question complained of in this instance may have been asked for that purpose. The other remark of the judge, to the effect that he would give two bills, if desired, in so far as the record shows, was uncalled for and irrelevant; but we see no reason why it should have influenced the jury against appellant.

[9] 7. Among other things, the court instructed the jury as follows: "If you believe that plaintiff, by its president W. A. Mixon, agreed with defendants Stewart and Thomas that plaintiff would not hold them liable on said note, you will find for both defendants Stewart and Thomas." No such defense was pleaded by the defendant Thomas, and therefore it was reversible error to give the charge complained of.

8. We also sustain the assignment which complains of the following paragraph of the court's charge: "If you believe that plaintiff, before said money was advanced to Hare on said note, agreed to release one of the signers of said note, to wit, W. F. Stewart, and that plaintiff agreed to make said release after the defendant Thomas had signed said note, and that said release, if any, was made without the consent of the defendant Thomas, then you will find for the defendant Thomas." The answer of the defendant Thomas presented no such defense, and therefore it was error to give the charge quoted.

For the two errors pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.