(136 So. 857)

## DEAN et al. v. LYDE.
### 6 Div. 859.

Supreme Court of Alabama.
Oct. 8, 1931.

W. K. Terry, of Birmingham, for appellee.

BOULDIN, J.

The suit is upon a series of promissory notes; is brought by the indorsee against indorsers.

Defendants made application to transfer the cause to the equity side of the court because of an alleged equitable defense. Demurrers were sustained to the motion or application, and the trial proceeded to judgment at law for the plaintiff.

Appellants seek to review the ruling on demurrer to such motion on this appeal. The rule is now well settled that review on appeal is limited to orders transferring or retransferring the cause under the statute. Jones v. Wright, 220 Ala. 406, 125 So. 645, and cases there cited.

Defendants, by certain pleas at law, sought to raise substantially the same issues. Thus plea 7, alleges foreclosure of a mortgage securing the notes, under power in the mortgage, and purchase by plaintiff at her own sale at a grossly inadequate price.

It is not denied that the foreclosure was made strictly in accordance with the power of

Drennen, Davis & Perrine, of Birmingham, for appellants.

sale. There is no charge of fraud. Nothing is alleged which would render the sale void at law.

It appears the foreclosure was subject to a prior mortgage of $5,700; and it is alleged the equity of redemption passing by foreclosure was reasonably worth $4,800, but at foreclosure brought only $58, a sum sufficient to cover only the costs and fees of foreclosure. The theory of the plea seems to be that the real value of the equity of redemption acquired by complainant should go in satisfaction of the notes. Whether a case in equity is presented we need not and do not consider. Certainly no good defense at law is thus presented.

Plea 8 alleges a negligent failure of the plaintiff, assignee of the mortgage, to foreclose promptly upon default, at which time the equity of redemption would have brought the amount of the debt, and seeks to set off the alleged damages against the debt. The plea manifestly discloses no legal duty on the part of the holder of the mortgage to indorsers on the notes, binding such mortgagee to foreclose promptly on default. They had waived demand and notice of default.

What we have written will suffice as to plea C, seeking to set up the same state of facts by way of accord and satisfaction. The fact that the mortgagee could have taken possession sooner and demanded the monthly rents upon the premises adds nothing to the plea.

Plea B interposed specially by the defendant Walter K. Dean alleges he was an accommodation indorser; indorsed the notes for accommodation of defendant Emma L. Dean, the payee, in negotiating for a loan of money from a bank, which negotiations failed, and thereafter the notes and mortgage were sold to this plaintiff, and by mere inadvertence there was a failure to erase his name from the back of the notes, of which fact plaintiff had notice; and she took the notes with the understanding and agreement that he would not be bound thereon.

The following principles of law seem pertinent to this situation.

Want of consideration is no defense to an accommodation indorser as against a subsequent holder for value, although such holder knew he was an accommodation indorser. Code, § 9055; Little v. People's Bank, 209 Ala. 620, 96 So. 763.

The indorsement was in blank. The notes thus become payable to bearer. Code, § 9037, subd. 5.

Such paper may be negotiated by delivery. Code, §§ 9056, 9066.

Promissory notes, and indorsements thereon, are subject to the rule that a valid written instrument cannot be contradicted or varied by parol evidence.

The indorsement and negotiation of the paper fixes the liability. Any restriction must appear in the writing. Ford v. Southern Motor Co., 208 Ala. 170, 93 So. 902; Hamilton Furniture Co. v. Brenard Mfg. Co., 215 Ala. 187, 110 So. 153.

The Negotiable Instruments Law provides that any renunciation of the rights of the holder after such rights have attached must be in writing. Code, § 9142.

But it is equally settled that matter going to the existence of a contract is not within the above rule.

An accommodation indorsement does not become a contract until it is negotiated to a bona fide holder for value. Until then it constitutes the accommodated party an agent to negotiate it and consummate the transaction; and until then an accommodation indorsement is revocable.

The prevailing rule is that such indorsement may be revoked by causing the indorsement to be erased, or by notifying the party negotiating for it before he parts with value, or, what is the same thing, becomes irrevocably bound. Fox v. Cortner, 145 Tenn. 482, 239 S. W. 1069, 22 A. L. R. 1341; First State Bank v. Hare (Tex. Civ. App.) 152 S. W. 501; Joyce, Defenses to Com. Paper, § 54; 8 C. J. p. 258, § 408.

Assuming, without deciding, that plea B is sufficient to present the question of revocation, it goes to the execution of the instrument sued upon, and is not sworn to. Code, § 9471.

Plea A, which is sworn to, contains the usual plea of non est factum, but it is coupled with an averment admitting the execution of such indorsement and seeking to restrict and limit the effect thereof. It does not present the question of revocation.

It follows these pleas were bad, and there was no error in striking them on demurrer.

The bill of exceptions does not set forth the evidence nor tendencies thereof.

Charges, given or refused, whose correctness turns on the state of the evidence, cannot be reviewed in such case.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.