294 So.2d 433

**Thomas B. BLAKE, Jr., M.D., as Assignee of the Phenix-Girard Bank, a corporation,**

**v.**

**Elwood COATES et al.**

**SC 381.**

Supreme Court of Alabama.

April 18, 1974.

Rehearing Denied May 30, 1974.

Phillips, Funderburk & Faulk, Phenix City, for appellant.

Paul J. Miller, Jr., Phenix City, for appellees.

McCALL, Justice.

The appellant, Thomas B. Blake, Jr., as assignee of the Phenix-Girard Bank, a corporation (Bank), sued in equity to recover the aggregate principal and interest allegedly due on several renewal and extension promissory notes, which the appellee, M. J. Franklin, executed, individually, along with David Lane Motors, a Corporation (Company), to the Bank as payee. The only issue argued and presented by the assignment of errors, is the correctness of that part of the final decree which dismissed the appellant's bill of complaint as to the appellee, M. J. Franklin. In essence, the appellant contends that the court erred in failing to find the appellee liable on the notes.

The testimony which was heard ore tenus in open court showed that the promissory notes involved in this suit were executed by both the corporation, David Lane Motors, and Franklin, individually. They were executed for the purpose of renewing and extending some original notes which David Lane Motors had already given to the Bank. At the time Franklin and the Company executed the renewal notes, he was a stockholder in the Company; so also were the appellant, Blake, and two other persons, namely, Elwood Coates and David L. Lane, who were respondents in the case, but against whom no relief is sought on this appeal. There is no cross-appeal or cross-assignment of error. Franklin himself did not receive any of the money which the notes evidenced.

Before the execution of any of the notes, the appellant Blake and others, who were original stockholders and corporate officers in the Company, signed a written

instrument which they delivered to the Bank and which authorized the Phenix-Girard Bank to lend David Lane Motors, Incorporated, a total sum of money not to exceed $60,000. In this instrument, the obligors personally guaranteed payment of each and every note to be given the Bank by the Company.

After the notes held by it became due, the Bank made demand under the guaranty on Blake to pay the indebtednesses due it by the insolvent Company. The appellant paid the indebtednesses, including those evidenced and secured by the notes here in question. The Bank then negotiated a transfer of the notes to the appellant by an assignment shown on the instruments themselves. The transfer was made after the notes were overdue.

The trial judge made no finding of fact or conclusion of law in his final decree. He stated no reason for the subject ruling. In his final decree, he simply said that the court considered the evidence and was of the opinion: "that the bill of complaint as filed against the respondent M. J. Franklin is due to have the relief denied." The court then ordered and decreed that the bill of complaint be dismissed as to Franklin. In this we think there was error.

The appellant contends that he paid a valuable consideration to the Bank for its transfer of the renewal and extension notes to him, that he stands in the same position as the Bank as a holder of the notes and that Franklin is liable as a co-maker. Franklin confesses that he executed the notes in his individual capacity. In fact, he said that there were forty something of the notes, that he and Coates cut them like a deck of cards, and: "which one of us was writing the fastest was the one signing the most of them," which is reminiscent of still another memorable truth, proclaimed by a genius of war over a century gone by.

The appellee argues that there was an oral agreement that his signing was with an understanding that he would not be held personally liable on the notes. This seems to have been one of the issues raised during trial and is raised here. If that be a defense to his liability on the notes, then his signing would be entirely pointless. It remains though that he did sign the notes. Such being the case, he is bound by the result of his act. It is familiar law that, in the absence of fraud in procuring the signature to a written contract by misrepresenting or concealing its contents, it cannot be impeached by proving a different contemporaneous agreement, or because the party signing was ignorant of its legal effect. "If this were not the law, 'contracts would not be worth the paper on which they are written.'" Holczstein v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409, and cases there cited. In Dean v. Lyde, 223 Ala. 394, 136 So. 857, the court aptly said:

"Promissory notes, and indorsements thereon, are subject to the rule that a valid written instrument cannot be contradicted or varied by parol evidence."

Another issue, which is here argued, is that the appellee is not liable on the notes because the appellant is not a holder in due course, he having acquired the notes with notice that the principal amount, so evidenced, was overdue, and that there was a want or failure of consideration for the notes. That is, the renewal notes evidenced the same indebtednesses as the original notes with no new funds coming to David Lane Motors or benefits to the appellee.

The testimony in the record is to the effect that the appellee signed each note individually as a maker along with the Company. In his brief he states that he was an accommodation maker, which means that he signed the notes for the purpose of lending his name to the other party to them. Code of Ala., Tit. 7A, § 3-415 (1).

The fact that the appellant is not a holder in due course, because he took the

notes with notice that they were overdue, Code of Ala., Tit. 7A, § 3–302, does not prevent him as a holder of the notes, Code of Ala., Tit. 7A, § 1–201(20), from enforcing payment in his own name, Code of Ala., Tit. 7A, § 3–301, provided that the appellee's alleged defense of want or failure of consideration is not tenable. That defense is based on the contention that no new funds came to David Lane Motors or benefits to the appellee. Such new elements need not exist in order for there to be valid consideration for the notes. We observe the following statement of law on the question in Holczstein v. Bessemer Trust and Savings Bank, 223 Ala. 271, 277, 136 So. 409, 415:

"* * * [I]f they renewed the obligation by giving a new note, for the purpose of renewing the indebtedness from which Holczstein was discharged in bankruptcy, or if in consideration of forbearance or extension of the time of payment of an indebtedness existing, granted to Holczstein, the defendant McElhenney joined Holczstein in the execution of the renewal note, the execution of the renewal note is not subject to the defense of no consideration; nor does it violate the statute of frauds. The consideration moving to Holczstein is sufficient to sustain the contract. Jackson, Supt. of Banks v. Lancaster, 213 Ala. 97, 104 So. 19, and authorities there cited."

Furthermore, the Code of Ala., Tit. 7A, § 3–408, 1966 Added Volume, provides:

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 3–305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. Nothing in this section shall be taken to displace any statute outside this title under which a promise is enforceable notwithstanding lack or failure of consideration. * * *"

Still another issue in the case which is argued here is that under Code of Ala., Tit. 7A, § 3–415(5), an accommodation party is not liable to the party accommodated. The appellee would apply this defense for his own benefit on the premise that the appellant, because he was a stockholder, director and secretary-treasurer of the Company, and also a guarantor of the notes under a separate instrument, was accommodated by the appellee's signing the notes. We think this is a strained construction of that subdivision of the statute. It overlooks the legal principle of separate corporate existence, because the Company was the other party to the notes, not the appellant.

It is to be observed that the statute provides:

"An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." Code of Ala., Tit. 7A, § 3–415(1), 1966 Added Volume.

■ The appellant was not a party to the notes to which the appellee lent his name. The appellee lent his name, in the execution of the notes, to enable the Company, not the appellant, to obtain a renewal and extension. The appellee's liability is on the notes. An accommodation maker is bound on the instrument without any resort to his principal. In 11 C.J.S. Bills and Notes § 739 b., p. 289, it is said:

"Accommodation makers. An accommodation maker of a note is primarily liable thereon and the fact that a party is an accommodation maker gives rise to a duty on his part to a holder for value, no greater or less than or different from that imposed on a maker who received value, and as between the accommodation maker and a holder for value, the former will be held as a principal, even though the holder knew that he was a surety as between himself and the other makers, * * *"

The appellant's liability is under the guaranty agreement, a distinct instrument from that on which the appellee was an accommodation party for his principal.

We think that the Code section, § 3–415(5), intends to apply its rule of non-liability to situations where one signs an instrument for the purpose of lending his name to his principal, and also intends to prevent the latter, not a remote guarantor, from subsequently recovering against him.

The decree of the trial court dismissing the appellant's bill is reversed and the case remanded.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and JONES, JJ., concur.