Appellee Lowell Harrelson filed suit against appellants Ruth Ann and Thomas H. Redmond seeking damages on a $50,000.00 promissory note executed by the Redmonds to Harrelson. The Redmonds' answer contained a general denial, an affirmative defense of failure of consideration on the note, a demand for a jury trial, and a counterclaim against Harrelson for damages for breach of an agreement executed between the parties. The jury demand and counterclaim were struck one day prior to trial by the trial court with the express stipulation that the Redmonds could later assert this claim in an independent action. Judgment was rendered against the Redmonds in the amount of $58,823.00. This appeal followed.
Harrelson and Mr. Redmond are partners in S.G.H., Ltd., a Georgia general partnership. S.G.H. owns the Pascagoula Motel in Jackson County, Mississippi, which was formerly operated under a Rodeway Inns franchise. Mr. Redmond, who also serves as president of Cornith Leasing Corporation, sought to purchase the Pascagoula Motel from Harrelson. On March 5, 1976 Harrelson and Mr. Redmond contemporaneously executed four documents as follows: (1) Agreement; (2) Lease Agreement; (3) Promissory Note; and (4) Mutual Release and Settlement Agreement.
In the document titled "Agreement," Harrelson agreed to sell the Pascagoula Motel to Mr. Redmond and to indemnify Mr. Redmond for obligations and liabilities arising out of the operations of the Pascagoula Motel prior to March 8, 1976. Mr. Redmond agreed to seek financing to purchase the motel.
The second document, "Lease Agreement," provided for leasing Pascagoula Motel to Cornith Leasing Corporation and was signed by Mr. Redmond as president of the corporation. The term of the lease was from March 8, 1976, through the last day of August, 1976.
The "Promissory Note" executed March 5, 1976, is the subject of this appeal. Consideration for the note is recited on its face as being "for value received." The first installment was due April 8, 1976.
The fourth document in evidence, the "Mutual Release and Settlement Agreement," stated that a suit was pending in Mobile Circuit Court by Harrelson against Mr. Redmond and also a counterclaim by Mr. Redmond against Harrelson. It further recited that in consideration of settlement of that original suit and counterclaim, Mr. Redmond had paid $10,000.00 in cash to Harrelson and Mr. and Mrs. Redmond had executed and delivered to Harrelson a $50,000.00 promissory note.
Briefly stated, these four documents are interrelated as follows:
(a) The Agreement refers to the Note and the Lease, stating that default under the provisions of either instrument by Mr. Redmond or his corporation results in forfeiture of Mr. Redmond's interests in S.G.H.
(b) The Lease states that the Lessor could terminate the lease if Mr. Redmond defaulted in the payment of installments due on the Note.
(c) The Note makes reference to the Lease and recites that if Cornith Leasing Corporation fails to abide by the conditions of the Lease, the Note becomes due and payable.
(d) The Release refers to the Note and states that a $50,000.00 note and $10,000.00 in cash were given as consideration for the Release.
As of the date of execution of these four documents, $15,000.00 was owed to Rodeway Inns by Harrelson's company, Southern Hosts Inns, on the franchise for Pascagoula Motel. Harrelson had been negotiating for several months to terminate this Rodeway Inn franchise. Mr. Redmond knew of these *Page 358 
negotiations but not of the $15,000.00 arrearage. He became aware of the debt through a letter from Rodeway Inns on April 12, 1976. Mr. Redmond testified at trial that this delinquency on the franchise prevented him from acquiring adequate financing to purchase the Pascagoula Motel. The first installment on the Note became due April 8, 1976, and was not made by the Redmonds.
The Redmonds sought at trial to show by parol evidence that the Agreement was a part of the consideration for the Note. They also attempted to prove that Harrelson breached his warranty in the Agreement by failing to indemnify the Redmonds for the $15,000.00 arrearage on the motel franchise and that this breach constituted a failure or partial failure of consideration on the Note.
Appellants raise two issues which they contend call for this court to reverse and remand this case for a new trial. The Redmonds first assert that the trial court committed reversible error by disallowing the parol evidence concerning the true consideration for the Note. Secondly, the Redmonds argue that the trial court erroneously struck their counterclaim which they contend is a compulsory counterclaim under Rule 13 (a) of the Alabama Rules of Civil Procedure. We are persuaded by appellants' arguments on both issues and therefore reverse and remand this case for a new trial.
Promissory notes, such as the Note in controversy in the present case, are subject to the general rule that a valid written instrument cannot be varied or contradicted by parol evidence. Blake v. Coates, 292 Ala. 351, 294 So.2d 433 (1974);Jackson v. Sample, 234 Ala. 75, 173 So. 510 (1937); Dean v.Lyde, 223 Ala. 394, 136 So. 857 (1931). However, an exception exists to this general rule. This court has stated that parol evidence is admissible to show the true consideration for a note if the terms of the instrument are not varied or contradicted thereby. First Nat. Bank of Guntersville v. Bain,237 Ala. 580, 188 So. 64 (1939); Wells v. Drane, 206 Ala. 583,90 So. 898 (1921). Parol evidence is also admissible to show failure of consideration. Blount County Bank v. Robinett McCay, 23 Ala. App. 145, 122 So. 802 (1929); Phillips v.Matthews, 205 Ala. 480, 88 So. 641 (1921); Parker v. Bond,121 Ala. 529, 25 So. 898 (1898).
Applying these rules of law to the present case, we find that the trial court erroneously disallowed Mr. Redmond's testimony as to consideration for the Note and Harrelson's alleged breach of the indemnification warranty in the Agreement. By this parol evidence, the Redmonds attempted to explain, not vary or contradict, the expressed consideration for the Note recited ambiguously on the face of the Note as being "for value received." We further note that the precluded testimony was essential to proving the Redmonds' defense of failure of consideration.
As previously stated, we find that the trial court erroneously struck the Redmonds' counterclaim prior to trial. By this counterclaim, the Redmonds sought damages for breach by Harrelson of the indemnification provisions in the Agreement contemporaneously executed by the parties with the Note sued on in the primary action brought by Harrelson. A counterclaim, such as the one involved in the present appeal, which arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim is compulsory and must be asserted in the pending case. Ala.R.Civ.P. 13 (a).
It is of further importance that the Redmonds' counterclaim raised the same issues as did their affirmative defense of failure of consideration. Certain facts crucial to the issues raised in the counterclaim were therefore determined in the primary suit. Thus, in spite of the stipulation to the contrary, the trial court's action effectively barred subsequent litigation on the claim for breach of the Agreement because of the doctrine of collateral estoppel. Ala.R.Civ.P. 13 (a) and Committee Comments. See also 6 Wright Miller, Federal Practice and Procedure: Civil § 1410 (1971). *Page 359 
Accordingly, this cause is hereby reversed and remanded for new trial.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.