SHORES, Justice.
This is a petition for a writ of mandamus or, in the alternative, a writ of prohibition to dismiss the reinstatement of respondents’ (James H. Dennis, Sr., and Dennis Mining and Equipment Company) lawsuit, due to res judicata. This is a companion case to Reliance Insurance Co. v. Substation Products Corp., and State Farm Fire and Casualty Co. v. Substation Products Corp., 404 So.2d 598 (Ala.1981), and the detailed facts regarding the actions of the parties are found therein.
Pertinent to this opinion is the sequence of actions of the parties after the initial lawsuit was filed by Substation Products *611 Corporation on January 18, 1979, against State Farm Fire and Casualty Company, Reliance Insurance Company, and James H. Dennis, Sr.
On February 9, 1979, Substation filed an amendment to its complaint, adding as defendants Tony Craft and The Nolen Agency-
On May 11, 1979, Reliance Insurance Company filed its answer to the complaint. In its answer, Reliance Insurance Company raised as its fifth defense that it had been induced to write the policy of insurance in question by fraudulent misstatements of fact material to the acceptance of the risk and hazard to be assumed by the coverage applied for. Reliance also stated that the policy was issued in reliance upon such misstatements and as a result of such misstatements, and that the policy would not have been issued if the facts had been known at the time of the application, and had the misrepresentations not been made. Further, the defense was raised that the policy was void.
On June 4,1979, Reliance Insurance Company filed and the trial court heard Reliance’s motion for permission to file a cross-claim, adding an additional party. Reliance sought through its motion to, among other things, add the named insured, Dennis Mining Supply and Equipment, Inc., as a party to the action. Moreover, on June 4,1979, Reliance Insurance Company filed a cross-bill for declaratory judgment against James H. Dennis, Sr., and Dennis Mining Supply and Equipment, Inc. Reliance averred in its cross-bill, among other things, that it was induced by Dennis to issue policies of insurance to Dennis Mining Supply and Equipment, Inc., to insure said company against loss by fire. Reliance stated that the objects of insurance were certain buildings, equipment, vehicles and inventory, which Dennis represented that he and his company owned, free and clear of any mortgage or encumbrance, when in fact he and his company did not own many of the items insured. Reliance further stated that Dennis misrepresented his record of prior claims and that as part of a scheme to defraud Reliance, Dennis failed to inform Reliance that there was other insurance with other companies on some of the items that he was purchasing insurance on from Reliance. Reliance further claimed in its cross-bill that Dennis fraudulently misrepresented facts, omitted facts and concealed facts which were material to the acceptance of the risk by Reliance and were material to the hazard Reliance was induced to assume, and that all of the policies should be declared null and void.
■ On the same day, June 4, 1979, the trial court entered an order denying and overruling Reliance Insurance Company’s motion for permission to file a cross-claim, adding the additional party.
On July 10, 1979, Reliance filed a petition for writ of mandamus and this Court, on January 11, 1980, ruled that Reliance was entitled to file a cross-bill against James Dennis and Dennis Mining. On January 24, 1980, Reliance filed its cross-bill for declaratory judgment against James Dennis and Dennis Mining Supply and Equipment, Inc. On the same day, the cross-bill was served in open court on James Dennis individually, and on behalf of Dennis Mining Supply and Equipment, Inc.
On January 29, 1980, five days after the cross-bill was filed, James H. Dennis and Dennis Mining Supply and Equipment, Inc., filed a separate lawsuit in the Jefferson County Circuit Court against Reliance Insurance Company, The Nolen Agency, Inc., Tony Craft, State Farm Fire and Casualty Company, and Terry Henley. The lawsuit filed on January 29 is the case involved here. In that case, the claim against Reliance was based upon the same insurance policies which cover the same automobiles, equipment, inventory and office contents which were at issue in Reliance’s cross-bill against James H. Dennis and Dennis Mining Supply and Equipment, Inc. Except for a fraud and misrepresentation claim against four other defendants, the only distinction between the cross-bill, Reliance sought to have the policies declared null and void while, in the lawsuit, Dennis sought to recover on the policies.
*612 On March 11, 1980, the lawsuit by James H. Dennis and Dennis Mining Supply and Equipment, Inc., against Reliance and the other defendants was dismissed on the grounds that the claim contained therein should have been asserted by Dennis as a cross-claim in the other suit.
On March 28, 1980, Dennis filed a motion to consolidate the suit which had been dismissed with Substation’s still pending suit. The trial court denied the motion.
On that same day, March 28,1980, Dennis filed a motion to set aside the order for dismissal entered on March 11, 1980.
On May 19,1980, the trial court entered a final decree in the original suit.
On June 27, 1980, the lawsuit by James H. Dennis and Dennis Mining Supply and Equipment, Inc., against Reliance and other defendants was reinstated.
Reliance then petitioned this Court for a writ of mandamus, asserting that the claim by James H. Dennis and Dennis Mining Supply and Equipment, Inc., against Reliance Insurance Company should be dismissed because of Rule 13, ARCP, and the doctrine of res judicata. We agree.
Rule 13(a), ARCP, provides that
[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
The Committee Comments to Rule 13(a), ARCP, provide that “a counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim.”
In explaining this “logical relation test” it has been stated that it is where
both the original claim and the counter claim arise out of the same aggregate of operative facts in either of two respects: the first alternative being that the facts taken as a whole serve as the basis for both claims; the second alternative being that the sum total facts upon which the original claim rests create legal rights in a party that would otherwise remain dormant.
O’Donohue v. Citizens Bank, 350 So.2d 1049, 1054 (Ala.Civ.App.1977); Revere Copper and Brass, Inc. v. Aetna Casualty & Surety Co., 426 F.2d 709 (5th Cir.). “Basically, it allows a court to apply Rule 13(a) to any counterclaim which should be tried with the original claim in order to avoid a substantial duplication of effort.” Diamond v. Terminal RR Alabama State Docks, 421 F.2d 228 (5th Cir.)
There is no question that as to the defendant Reliance, Dennis and Dennis Mining’s lawsuit bears a logical relationship to the cross-claim filed by Reliance in the original lawsuit. Both claims “arise out of the same aggregate of operative facts.” The insurance policies upon which Dennis bases his claims are the same policies Reliance in its cross-claim sought to have declared null and void. The parties, Dennis, Dennis Mining, and Reliance, are the same. The property in question and the fire are the same.
In their brief, respondents claim that Rule 13(a), ARCP, is inapplicable in this situation because the parties were co-defendants in the initial action, and any claim filed against a co-party is a cross-claim, which is always permissive.
It is true that according to Rule 13(a), ARCP, cross-claims are permissive, and a co-party may either plead a cross-claim in the original action or reserve it for an independent litigation. However, once a co-party has filed a cross-claim, the party against whom a cross-claim is asserted must plead as a counterclaim any right to relief that he has against that co-party which arises from the same transaction or occurrence. Rule 13(g), ARCP, and Committee Comments.
Also, while it is true that if the party against whom a cross-claim is asserted neglects to assert a compulsory counterclaim, the court can grant leave to amend the pleadings to raise it, if the counterclaim is not asserted in that lawsuit, then it cannot thereafter be litigated in another ac *613 tion. See, Rule 13(a), ARCP, and Committee Comments; Redmond v. Harrelson, 355 So.2d 356 (Ala.1978).
At the time Reliance served its cross-claim upon Dennis and Dennis Mining, Reliance became an “opposing party” as to them, and any action arising out of the same aggregate of operative facts that Dennis and Dennis Mining had against Reliance would necessarily have to be brought as a compulsory counterclaim or lost.
The record shows that at no time did Dennis or Dennis Mining attempt to assert a counterclaim against Reliance. There was only an attempt at consolidation of the two lawsuits, and that even took place after the second suit had already been dismissed.
Therefore, the writ of mandamus directing the trial court to dismiss the claim of James H. Dennis, Sr., and Dennis Mining Supply and Equipment Company against Reliance Insurance Company is granted.
This ruling in no way affects that portion of the lawsuit against the four other defendants concerning the fraud and misrepresentation claims. As to those defendants, the petition for writ of mandamus is denied.
WRIT GRANTED IN PART; DENIED IN PART.
TORBERT, C. J., and MADDOX, JONES, and BEATTY, JJ., concur.