The defendants appeal from a summary judgment in favor of the plaintiff in a suit based on guaranty agreements. The only issue on appeal is whether there was a genuine issue of material fact as to whether the plaintiff misrepresented facts to the defendants when they executed the guaranty agreements.
The facts are simple. On May 31, 1983, Roy Dobbins and Sammy Dobbins (defendants/appellants) executed personal guaranty agreements in favor of Dicus Oil Company, Inc. (plaintiff/appellee), in which appellants agreed to be personally liable for all debts owed by Jackson County Mining Corporation to Dicus Oil Company (hereinafter Dicus Oil). The appellants were principal owners in Jackson County Mining Corporation at the time the written guaranty agreements were executed, and the guaranty agreements were executed in order to get Dicus Oil to extend credit to Jackson County Mining Corporation.
On January 25, 1985, Dicus Oil notified the appellants that they were personally liable for the account then owed Dicus Oil by Jackson County Mining Corporation. After receiving no response from either of the appellants, Dicus Oil, on March 13, 1985, pursuant to the terms of the written personal guaranty agreements, filed suit against them to recover from them the debt owed by Jackson County Mining Corporation.
Appellants answered the complaint by denying each allegation and by pleading the affirmative defense of fraud in the execution of the agreements. Dicus Oil moved for summary judgment. The appellants filed affidavits in opposition to the motion for summary judgment, but the trial court granted summary judgment and, in its order, stated:
 "On the basis of Blake v. Coates, 294 So.2d 433
(1974), this court is of the opinion that no genuine issue of material fact exists as to the liability of defendants Dobbins on their written guaranty agreement[s]. All previous oral negotiations are merged in the execution of the written guaranty agreement[s], and, while the answers of defendants Dobbins assert fraud of the plaintiff, none of the materials offered either in support of the motion or in opposition to it reflect fraud."
We affirm.
The trial court relied on Blake v. Coates, 292 Ala. 351,294 So.2d 433 (1974), in granting summary judgment. In Blake the defendant argued that an oral agreement existed concerning his signing of a personal guaranty. He stated that he had signed the guaranty with the understanding that he would not be held personally liable on the notes the guaranty related to. This Court held:
 "The [defendant] argues that there was an oral agreement that his signing was with an understanding that he would not be held personally liable on the notes. This seems to have been one of the issues raised during trial and is raised here. If that be a defense to his liability on the notes, then his signing would be entirely pointless. It remains though that he did sign the notes. Such being the case, he is bound by the result of his act. It is familiar law that, in the absence of fraud in procuring the signature to a written contract by misrepresenting or concealing its contents, it cannot be impeached by proving a different contemporaneous agreement, or because the party signing was ignorant of its legal effect. `If this were not the law, "contracts would not be worth the paper on which they are written."' Holczstein v. Bessemer Trust Savings Bank, 223 Ala. 271, 136 So. 409, and cases there cited. In Dean v. Lyde, 223 Ala. 394, 136 So. 857, the court aptly said: `Promissory notes, and indorsements thereon, *Page 589 
are subject to the rule that a valid written instrument cannot be contradicted or varied by parol evidence.'"
292 Ala. at 353, 294 So.2d at 435.
In the case at bar, both appellants filed affidavits which state:
 "At the time I signed the document[s] entitled Personal Guaranty Agreement, Mr. Welton Norwood, an officer and director of Dicus Oil Company, Inc. in the presence of Steve Livingston, president of Dicus Oil Company, Inc., assured me that I would not be held personally responsible for this debt. He stated at the time that the personal guaranties were needed only for Dicus Oil Company, Inc.'s bank and that it would never be used to my detriment."
Appellants attempt to distinguish this Court's holding inBlake v. Coates, supra, by emphasizing statements in that decision to the effect that "in the absence of fraud inprocuring the signature to a written contract bymisrepresenting or concealing its contents, it cannot be impeached by proving a different contemporaneous agreement, or because the party signing was ignorant of its contents."292 Ala. at 353, 294 So.2d 435 (emphasis added). According to appellants' argument, they have alleged fraud and this allegation of fraud brings them within the exception referred to in the emphasized portion of the above-quoted statement.
An examination of the appellants' answers and affidavits in opposition to the motion for summary judgment reveals, however, that they make no contention that their signatures were procured by the appellee's misrepresenting or concealing thecontents of the guaranty agreements. They implicitly acknowledge that they signed the guaranty agreements, which, by their own terms, clearly make them personally liable. They do not contend that they failed to read the guaranty agreements or that they were ignorant of their contents. They do not contend that any fact was misrepresented or concealed from them concerning the contents of the guaranty agreements. They do not contend that they were induced to sign the guaranty agreements because they understood that the terms of the guaranty agreements imposed no personal liability on them or that the appellee concealed from them the fact that the terms of the guaranty agreements did impose such liability. Having failed to allege that their signatures were procured by the appellee's misrepresenting or concealing the contents of the guaranty agreements, the appellants have failed to bring themselves within the fraud exception contained in Blake v. Coates, supra. Because the facts supporting the defense in the present case are indistinguishable from the facts supporting the defense inBlake, the trial court properly relied on Blake in granting summary judgment in favor of appellee.
It is well settled, also, that when a motion for summary judgment is made, an adverse party may not rest upon the mere allegations in his pleadings. Underwood v. Barbour County Boardof Education, 372 So.2d 22 (Ala. 1979). This Court has also stated that the failure of a party to offer any testimony to contradict the evidence presented by the moving party leaves the court no alternative but to consider the matter uncontroverted. Mims v. Louisville Title Insurance Co.,358 So.2d 1028 (Ala. 1978).
Although the appellants' defense is similar to the defense inBlake v. Coates, supra, that is, that there was also a contemporaneous oral agreement that the contracts of guaranty would not be binding, the appellants contend that their mere inclusion of the word "fraud" in setting up their defense was sufficient to avoid application of this Court's holding inBlake. The appellants candidly acknowledge in their brief, however, that there is a real question as to whether they adequately alleged fraud in their answers and affidavits. They note that the answers and affidavits they filed contained allegations that the appellee's agents made false statements that the guaranties "would have no force and effect," that "there would be no obligation thereunder," that "they would not be held personally responsible for this debt," and that "the guaranties were needed only for . . . [the] bank." Based on *Page 590 
these allegations, the appellants conclude that if these statements were made, then they were false, since the appellee has by this suit sought to enforce the alleged guaranties. The problem with this conclusion is that it assumes that any breach of a promise to abstain from some act in the future constitutes fraud. In other words, the appellants contend that if the statements were made and they later proved to be false, there is a presumption that they were made initially with an intent to deceive.
The appellants offer no authority to support this proposition and ignore those cases which have rejected it. As this Court stated in Purcell Co. v. Spriggs Enterprises, Inc.,431 So.2d 515, 519 (Ala. 1983):
 "The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform or abstain from some act in the future . . ., is when the evidence shows that, at the time of the promises of future action or abstention were made, the promisor had no intention of carrying out the promises, but rather had a present intent to deceive. Robinson v. Allstate Insurance Co., 399 So.2d 288 (Ala. 1981). If such intent is not substantiated by the evidence, the fraud claim should not be submitted to the jury. The failure to perform, alone, is not evidence of intent not to perform at the time the promise was made. If it were, a mere breach of contract would be tantamount to fraud. Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976)."
In their answers and affidavits, the appellants have made no allegations that the appellee and its agents had no intention of carrying out the promises at the time the alleged promises were made; they allege only that the alleged promises were not performed. Accordingly, the appellants have failed to properly allege any conduct that constitutes fraud.
Appellants cite Arkel Land Co. v. Cagle, 445 So.2d 858 (Ala. 1983), as authority to support their contention that "a writing does not bar a fraud action where there are allegations that an agent misrepresented its contents or effect." We are indeed familiar with Arkel. The circumstances in Arkel are not in any way similar to those in the case here under consideration. InArkel, the misrepresentation discussed by this Court was made by a lawyer to a person with a fifth-grade education. In effect, the Court said the lawyer knew that certain lands east of a road were included in a lease, but that the person to whom the misrepresentation was made did not. Here, there is no allegation or statement that the contents of the guaranties were misrepresented.
In the recent case of Smith v. Citicorp Person-to-PersonFinancial Centers, Inc., 477 So.2d 308 (Ala. 1985), this Court held:
 "This Court has long held that absent some evidence of fraud in procuring a party's signature or concealing or misrepresenting the contents of the contract, a party to the contract cannot contradict the instrument by a parol agreement made at the time of execution and that evidence which tends to contradict, vary, or alter the terms of the contract is not admissible. Racquetball of Mobile, Inc. v. Wisser, 429 So.2d 1020 (Ala. 1983); Blake v. Coates, 292 Ala. 351, 294 So.2d 433 (1974); Steiner Bros. v. Slifkin, 237 Ala. 226, 186 So. 156 (1939). Moreover, absent a clear showing of fraud, the court will not look to parol evidence to determine the intent of the parties. Jehle-Slauson Constr. Co. v. Hood-Rich Architects, [435 So.2d 716 (Ala. 1983)]."
477 So.2d at 311.
We find that the trial court properly relied on Blake v.Coates, supra, in granting summary judgment in favor of the appellee. Consequently, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur. *Page 591