INGRAM, Judge.
Johnny M. Franklin appeals the trial court’s entry of summary judgment against him.
The record shows that Franklin leased a 1983 Dodge automobile from Countywide Dodge-Chrysler-Plymouth, Inc. (Countywide). The lease provided that upon its being signed it would be assigned to Chrysler Credit Corporation (Chrysler Credit); Franklin would then make his monthly payments to Chrysler Credit, while still looking to Countywide for any services guaranteed under the agreement. Franklin signed the contract and made his payments to Chrysler Credit for more than a year.
When Franklin stopped making his payments, he was informed by Chrysler Credit that he was subject to being held in default for nonpayment pursuant to the lease agreement. Franklin contends that he had stopped paying on the car because he had returned it to Countywide, at which time Countywide allegedly released him from any further payments due under the agreement.
Chrysler Credit filed suit against Franklin for the remaining payments it claimed to be due under the agreement. Franklin answered to the effect that Countywide was an agent of Chrysler Credit and that it was bound by Countywide’s release and representations. Franklin also counterclaimed, alleging that he had been defrauded by Chrysler Credit.
Chrysler Credit moved for summary judgment, offering an affidavit of one of its employees and the lease agreement as support for its motion. Franklin opposed the motion, offering an affidavit and several documents in support thereof. The trial court granted the motion and dismissed Franklin’s counterclaim.
The party moving for summary judgment bears a heavy burden of clearly showing that there is an absence of a genuine issue of any material fact and that because there is no factual controversy, movant is *831 entitled to judgment as a matter of law. The facts before the trial court must be viewed in the light most favorable to the nonmoving party; the nonmoving party is entitled to any reasonable inference to be drawn from those facts before the trial court, and if such inference presents even the slightest issue of material fact, there is a question for determination by the jury, and summary judgment cannot be granted. Tripp v. Humana, Inc., 474 So.2d 88 (Ala.1985).
The issue, therefore, is whether, under any reasonable inference to be drawn from the facts before the trial court, there is even the slightest issue of material fact as to agency in this case.
Chrysler Credit, in moving for summary judgment, met its initial burden by demonstrating that no factual issue existed as to its claim and that it was entitled to a judgment as a matter of law. The lease agreement is explicit that Franklin was indebted to Chrysler Credit for all the payments of a car leased from Countywide. The affidavit of Chrysler Credit’s employee disclaimed that Countywide was an agent of Chrysler Credit. Summary judgment is appropriate in breach of contract actions when the contract is unambiguous and the facts are undisputed. P&S Business, Inc. v. South Central Bell Telephone Co., 466 So.2d 928 (Ala.1985).
The question becomes whether Franklin alleged such facts in opposition to Chrysler Credit’s motion from which, under any conceivable set of circumstances, he could prevail on the merits regarding the issue of agency. Horton v. Northeast Alabama Regional Medical Center, Inc., 334 So.2d 885 (Ala.1976).
Appellant contends that Chrysler Credit made “representations” that the automobile could be surrendered without further obligation of appellant. He does not, however, claim fraud in the procurement of the lease. So, even if his contention is correct (as to the representations), it would be merely a contemporaneous agreement which would not rise to the level of impeaching the written contract constituting the lease agreement. Dobbins v. Dicus Oil Co., 495 So.2d 587 (Ala.1986). Our courts have held that lease agreements are contracts subject to the above-stated rule. See: Whitehead v. Johnston, 467 So.2d 240 (Ala.1985).
Neither Franklin’s affidavit nor the letter from Chrysler Credit supports his allegation that Chrysler Credit “adopted” Countywide’s alleged representations regarding the surrender of the automobile. On the contrary, the letter makes clear that Chrysler Credit was apprised of the vehicle’s return; yet Franklin claims in his affidavit to have been told by Countywide that “the transaction had not been relayed to the bookkeeping persons at Chrysler Credit.” Franklin’s unsubstantiated allegation that Chrysler Credit adopted Countywide’s representations fails to make a genuine issue of material fact with respect to agency. “Specific facts,” rather than “vague and general assertions,” must be presented to create a genuine issue of fact under Rule 56. Sartino v. First Alabama Bank of Birmingham, 435 So.2d 39, 41 (Ala.1983). Nor has Franklin alleged any facts suggesting that Chrysler Credit had any right of control over Countywide upon which an agency relationship would depend. Hatton v. Chem-Haulers, Inc., 393 So.2d 950 (Ala.1980). Franklin’s repeated references to Countywide as “authorized representatives” are not supported in fact.
Although summary judgment is generally inappropriate on the issue of agency, agency is not to be presumed. Wood v. Shell Oil Co., 495 So.2d 1034 (Ala.1986). Franklin has not submitted any evidence from which we can infer that a factual question as to agency exists. Franklin’s allegations that Chrysler Credit might have considered itself a party to the lease agreement, or that it sent a power of attorney document to Franklin, do not support a theory of agency: Chrysler Credit was a party to the lease only to the extent that it was an assignee; the power of attorney would have made Franklin, not Countywide, an agent for the very limited purpose of title certification. We therefore conclude that the court did not err in granting Chrysler Credit’s motion. We note that, *832 from the record before us, Franklin s third party fraud claim against Countywide has not been dismissed.
The case is affirmed.
AFFIRMED.
BRADLEY, P.J., concurs.
HOLMES, J., concurs in the result.