STEAGALL, Justice.
Defendants, Lowell and Eugenia Harrel-son, appeal from the judgment entered in favor of plaintiff, Community Federal Savings and Loan Association, in a suit for money due on the Harrelsons’ promissory note. The trial court granted Community Federal’s motion in limine to exclude any references at trial to any alleged prior or contemporaneous oral agreements between Community Federal and the Harrelsons. The parties submitted the case to the trial court for disposition, and the court entered a judgment in favor of Community Federal in the amount of $246,705.12, which included interest and attorney fees. The trial court further found that Community Federal was entitled to foreclose on the mortgage securing the Harrelsons’ note and dismissed the Harrelsons’ counterclaims for misrepresentation and intentional infliction of emotional distress.
On December 3, 1976, the Harrelsons executed a promissory note for $150,000 with Community Federal, with monthly payments of $1260 beginning January 1977; the Harrelsons concurrently executed a second mortgage on their home to secure the debt. The Harrelsons’ payments were 25 months in arrears as of October 1, 1980, and on that date Community Federal entered into a “loan extension agreement” with the Harrelsons. The agreement provided that payments would be extended until April 1, 1985, at which time the full amount of the note would be due; however, no interest would be charged during the extended five-year period. The Harrelsons would be responsible for only the interest that had accrued up until February 1, 1980, making the balance that would be due in 1985 $172,511.70. Otherwise, the agreement kept all terms and conditions of the mortgage and note in full force and effect.
It is undisputed by the parties that the Harrelsons did not make the payment called for by the loan extension agreement, and the total amount due as of the trial date was undisputed. However, the Har-relsons contend that Community Federal orally agreed that they would be entitled to additional extensions beyond the initial five-year period and that it would never foreclose on the mortgaged property. As support for this, they point to paragraph 42 of the mortgage:
“42. This Mortgage is made pursuant to a construction and/or development Loan Agreement (herein called ‘Loan Agreement’) between Mortgagor and Mortgagee or its assigns, a fully executed copy of which is maintained at the office of Mortgagee or its assigns, and this Mortgage is subject to all of the provisions of such Loan Agreement, all of which are incorporated herein by reference as though set forth herein. Mortgagor will permit no default in said Loan Agreement; any default by Mortgagor under said Loan Agreement shall be considered an Event of Default under this Mortgage. Mortgagor covenants and agrees to complete the construction and/or development of the Improvements upon the Mortgaged Property according to plans and specifications heretofore approved by the Mortgagee with due diligence, and fully pay for same”
This is the only writing that the Harrel-sons provide as proof of the supposed agreement. In fact, Mr. Harrelson conceded in his deposition that he had no additional writing expressly allowing future extensions and precluding foreclosure by Community Federal in the event of default on the note.
“Promissory notes ... are subject to the general rule that a valid written instrument cannot be varied or contradicted by parol evidence.” Redmond v. Harrelson, 355 So.2d 356, 358 (Ala.1978) (citations omitted). The alleged oral agreement clearly *57 conflicts with both the terms of the mortgage and the loan extension agreement, as there is no reference in either document to possible extensions beyond April 1985 or to Community Federal’s alleged promise not to foreclose.
“Absent some evidence of fraud in procuring the maker’s signature or concealing the contents of the note, a maker cannot contradict the note by a parol agreement made at the time of execution, and evidence which tends to contradict or vary or alter the terms of the note is not admissible.” Racquetball of Mobile, Inc. v. Wisser, 429 So.2d 1020, 1021 (Ala.1983) (citations omitted). See also Blake v. Coates, 292 Ala. 351, 294 So.2d 433 (1974). Although one of the Harrelsons’ counterclaims was based on misrepresentation, there was no evidence that Community Federal fraudulently induced their signatures on the note, mortgage, or loan extension agreement or that it concealed the contents of those documents.
“Rule 56(e), Ala.R.Civ.P., requires that a party opposing summary judgment show by admissible evidence that a genuine issue of material fact exists which requires resolution by a factfinder. It is not enough that evidence that is inadmissible under the normal rules of evidence is advanced to contravene the evidence of the movant.” Doran v. City of Decatur, 510 So.2d 813, 816 (Ala.1987) (citations omitted). Because the supposed oral agreement was inconsistent with and varied the terms of the loan extension agreement and mortgage, it was inappropriate for consideration by the trial judge in ruling on Community Federal’s summary judgment and was, therefore, properly excluded by him. The court properly granted the motion in limine, properly dismissed the Harrelsons’ counterclaims, and properly entered judgment for Community Federal.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ., concur.